RECEIVED

SEP 10 2024

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                                          Case No. 2:20-cr-01018 CJW

PATRICK MILLER WEBB, JR.                                        DEFENDANT


**DEFENDANT PATRICK WEBB JR.'S VERIFIED MOTION PURSUANT TO 28 USC 2255**

## PRELIMINARY INFORMATION

1.    To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2.    You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3.    Make sure the form is typed or neatly written.

4.    You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.    Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this motion.

6.    If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7.    In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

1

Comes now Defendant Patrick Webb, Jr., (Webb) and for his verified motion pursuant to 28 USC 2255 states:

1.  (a)  Name and location of court which entered the judgment of conviction you are challenging: **Northern District of Iowa**

    (b)  Criminal docket or case number: *United States v. Patrick Webb, Jr.* **Northern District of Iowa 2:20-cr-01018-CJW-1**

2.  (a)  Date of the judgment of conviction (if you know): **12-6-2021**

    (b)  Date of sentencing: **12-3-2021**

3.  Length of sentence: **380 months**

4.  Nature of crime (all counts): **Count 1: 21 USC 841(a)(1), 860(a) Distribute controlled substance; Count 2: 18 USC 924(c)(1) gun with drugs; Count 3: 18 USC 922(g) gun possession by a prohibited person.**

5.  (a)  What was your plea? (Check one)

        (1)  **XX Not guilty**   (2) Guilty   (3) Nolo contendere

    (b)  If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? **N/A**

6.  If you went to trial, what kind of trial did you have? (Check one)

        (1)  **XX Jury Trial**   (2)   Judge only

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?

        (1)  **XX Yes**   (2)   No

8.  Did you appeal from the judgment of conviction?

        (1)  **XX Yes**   (2)   No

9.  If you did appeal, answer the following:

(a)    Name of court: **Eighth Circuit**

(b)    Docket or case number (if you know): **21-3830**

(c)    Result: **Affirmed**

(d)    Date of result (if you know): **6-12-2023**

(e)    Citation to the case (if you know): ***United States v. Patrick Webb, Jr.,*** 8th Circuit 21-3830. **Webb doesn't know of any publication to any reporter.**

(f)    Grounds raised:

      **1) The District Court failed to instruct the jury on an essential element of the charged offense. The erroneous jury instructions constructively amended the indictment and denied Mr. Webb his constitutional rights to due process, to indictment by a grand jury, and to a fair trial.**

      **2) Mr. Webb was denied a complete defense of entrapment due to operation of the erroneous jury instructions. Mr. Webb was not disposed to conduct the drug deal near a protected location. The erroneous jury instruction denied Mr. Webb of a complete entrapment defense specifically as to the protected location element.**

      **3) Ineffective assistance of trial counsel.**

      **4) The sentence is procedurally and substantively unreasonable, and greater than necessary.**

      **5) The District Court abused its discretion in applying the career offender enhancement.**

      **6) The District Court abused its discretion by treating the guidelines' 10:1 methamphetamine ratio as mandatory.**

(g)    Did you file a petition for certiorari in the United States Supreme

Court?

(1)    Yes        (2)    **XX No**

(Because the answer was "no" the remainder of this question was deleted.)

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Response: **No.**

11. If your answer to Question 10 was "Yes," give the following information:

(Then answer to 10 was "no." The remainder of the question has been deleted.)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Ineffective assistance of counsel. Counsel failed to raise and preserve an argument that the government violated Speedy Trial by not timely filing an indictment. Petitioner Patrick Webb, Jr. was deprived of the effective assistance of counsel at all stages when counsel failed to file a motion to dismiss the indictment based on failure to timely charge. 18 U.S.C. 3162 (Speedy indictment).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(a) Supporting Facts

1. Date of arrest was 12-12-19.

2. Date of Indictment was 6-16-20.

3. Amount of time between arrest and indictment was 186 days.

4. On 12-16-19, state prosecutorial officials decided that the state would not charge Petitioner with the delivery of methamphetamine at that time since a loaded 9mm handgun was also located in the vehicle under the driver's seat and it was determined to be stolen out of Jasper County, IA. Everyone knew that the case would be presented to the U.S. Attorney Office for possible federal prosecution so state charges were not sought at that time.

5. Petitioner was held on parole violation. (Possession with intent meth).

4

6.    Around February of 2020, the Federal charges against petitioner were dismissed, and later refiled by the feds based on the same set of facts 6-16-20.

7.    The arrest caused the speedy trial time to run out. Petitioner should have been released, and no grand jury should have heard any request for indictment.

    (b)    Direct Appeal of Ground One:

        (1)    If you appealed from the judgment of conviction, did you raise this issue?

           (1)    Yes        (2)    XX No

        (2)    If you did not raise this issue in your direct appeal, explain why:

           Response: Ineffective assistance of counsel is not generally proper for direct appeal, regardless of what Petitioner's attorney did with his brief.

    (c)    Post-Conviction Proceedings:

        (1)    Did you raise this issue in any post-conviction motion, petition, or application?

           (1)    Yes        (2)    XX No

**GROUND TWO:** Petitioner was deprived of effective assistance because his counsel illegally admitted highly prejudicial evidence, without authorization from Petitioner.

    (a) Supporting facts

1.    SMS messages reflect that on September 20 and 21, 2019, a government informant named Joshua Walker (Walker) texted and asked for the contact information of "Emily Stampt," an alias name used by Abbie Jenkins.

2.    Messages further reflect that beginning on October 10, Walker texted Petitioner Webb to try to set up a methamphetamine deal. Messages reflect Mr.

Webb stating THAT IT WAS NOT GOING TO HAPPEN, and several messages over the course of the following two days to which Mr. Webb did not respond.

3.    Walker then asked Mr. Webb if he could meet "Emily." Messages again reflect that on October 21 and 22, Walker messaged Mr. Webb asking him to drive up to Dubuque, and after responding "yea maybe," Mr. Webb did not respond.

4.    Message records reflect that Walker again tried to arrange a meeting with Mr. Webb in early November, and again Mr. Webb demurred.

5.    On November 22, Walker told Leitzen that he could arrange a sale of methamphetamine from Mr. Webb where Mr. Webb would travel from Des Moines to Dubuque and deliver $3,100 of methamphetamine. This meeting did not happen.

6.    Ultimately on December 12, 2019, Webb did drive to Dubuque. Webb was traveling to Dubuque from Des Moines with his methamphetamine source, an unknown female.

7.    On December 31, 2020, right before trial Petitioner's lawyer came to Petitioner and said that in order for him to prove entrapment that he would need Petitioner to sign a form for counsel to get into the phone. The phone was Petitioner's grandmother's phone that Petitioner had been using because he couldn't afford his own phone at the time. Petitioner wasn't able to work because He wasn't allowed to work in the inpatient program that he was in.

8.    Law enforcement had tried to get into the phone on December 13, 2019. They weren't able to access that information because it wasn't Petitioner's phone but Petitioner's grandmother's phone, and she justifiably refused to give permission. Petitioner signed the form thinking that his lawyer was looking out for his best interest. Counsel told Petitioner that only the messages that established entrapment would be disclosed and that we would review the material together, to ensure that all disclosures were in the best interests of Petitioner. Petitioner took his word for it. Petitioner's lawyer was lying.

9.    Petitioner called his lawyer about 30 minutes after he left Linn County Jail and told him Petitioner didn't want to go through with getting the phone records. Petitioner's lawyer said it was too late, that he had given everything to the prosecutor already. Petitioner's heart sank, because it was clear that his lawyer was working with the prosecutor and violating his solemn commitments to Petitioner.

10.    At trial this came back to haunt Petitioner, because they used two messages, from two different people, one a piece, saying that Petitioner was already involved in criminal activity and that he was predisposed to sell drugs, which wasn't true, even though Petitioner had used drugs. The other message looks like Petitioner was selling drugs but it wasn't Petitioner that was using the phone. Rather, Petitioner's

6

supplier who seems to have been trying to sell to one of Petitioner's friends and whoever else she spoke with.

11.     Petitioner later discovered that his lawyer wrote an unauthorized motion to continue, stating that Petitioner gave law enforcement consent to search his LG cell phone with a pink case and provided the proper pass code to unlock the phone. Law enforcement extracted the information from the phone to download its contents. Officers reviewed the download and observed the same Dec.12, 2019 text messages between defendant and J.W. that were obtained from J.W.'s phone.

12.     Petitioner's lawyer told him to allow the ***procurement of evidence*** in his grandma's phone relating to the event, to show entrapment. However, the lawyer ***turned over the contents*** of the phone. Counsel for all practical purposes conceded guilt that did not in fact exist. An entrapment defense was clearly available, yet counsel destroyed this opportunity by his unauthorized disclosure of evidence to the government.

13.     On information and belief, Petitioner's lawyer was lying about whether and when the government got possession of the evidence off the phone. Petitioner plans to seek discovery that will show the exact date and time of the aforementioned phone call to the lawyer, and furthermore the exact time that the phone was accessed for the purpose of getting the evidence.

    (b)     Direct Appeal of Ground Two:

        (1)     If you appealed from the judgment of conviction, did you raise this issue?

        (1)     Yes          (2)     XX No

        (2)     If you did not raise this issue in your direct appeal, explain why:

        Response: Ineffective assistance of counsel is not generally proper for direct appeal, regardless of what Petitioner's attorney did with his brief.

    (c)     Post-Conviction Proceedings:

        (1)     Did you raise this issue in any post-conviction motion, petition, or application?

        (1)     Yes          (2)     XX No

7

**GROUND THREE**: Ineffective assistance of counsel. Counsel failed to investigate adequately, and failed to call two witnesses who would have directly supported Petitioner theory of entrapment. Counsel failed to confer with client sufficiently to allow him to effectively exercise his 6th Amendment confrontation rights, and other constitutional rights.

    (a)    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1.    Prior to Petitioner's arrest, Craig Witt messaged Petitioner on Facebook asking for help finding an onion, which denotes an ounce. But did not state what drug he was talking about. Petitioner knew because he only asks Petitioner questions like that when it comes to marijuana, because he knows Petitioner uses it and knows where to find it.

2.    Petitioner's defense counsel failed to investigate adequately or establish the facts by cross examination. The prosecutor took the message and made it look like it was methamphetamine instead of marijuana and that Petitioner was dealer of methamphetamine, rather than a mere drug user.

3.    Had Petitioner's attorney not failed to subpoena Witt, the defense would have been able to present this highly exculpatory information, which would have soundly contradicted the prosecution theory.

4.    On or about the beginning of December of 2019, "Emily Stampt," an alias name used by Abbie Jenkins messaged Petitioner, seeking a source of drugs.

5.    Petitioner was out on a pass from the Door of Faith program at Bethel Mission inpatient facility and happened to be with someone with knowledge, so Petitioner gave them the phone. They messaged her and Petitioner didn't know what was said.

6.    Petitioner didn't even know about the two messages used against him, until the second day of trial.

7.    Had Petitioner been informed of the evidence, he would have made sure that defense counsel subpoenaed the author of each message, to put context to the messages.

8.    Since Petitioner didn't author these words, the jury would not logically have held Petitioner liable for them.

9.    Also, if the defense lawyer had provided effective assistance, he would have made sure that such messages were never presented to the jury at all.

10. The absence of evidence from the phone almost certainly would have prevented a conviction.

11. Petitioner got such an absurdly inadequate allotment of time with his counsel that he could not receive effective assistance of counsel.


    (b)    Direct Appeal of Ground Three:
        (1)    If you appealed from the judgment of conviction, did you raise this issue?
        (1)    Yes    (2)    XX No
        (2)    If you did not raise this issue in your direct appeal, explain why:
Response: Ineffective assistance of counsel is not generally proper for direct appeal, regardless of what Petitioner's attorney did with his brief.
    (c)    Post-Conviction Proceedings:
        (1)    Did you raise this issue in any post-conviction motion, petition, or application?

        (1)    Yes    (2)    XX No

...................

**GROUND FOUR**: Ineffective assistance of counsel. The district court erred by failing to account for the time defendant had served in Iowa for a related state offense after finding, the time served in Iowa was for relevant conduct. District court counsel raised and argued the issue. Appellate counsel didn't raise or argue the issue, despite good opportunity. Appellate counsel didn't give Petitioner counsel and opportunity to participate effectively in his defense on appeal.

    (a)    Supporting Facts. (To the extent not barred by law or rule or contrary to Petitioner's interests, all parts of this pleading are incorporated into all other parts.

1. Date of arrest was 12-12-19.

2. Petitioner was held on Parole violation for pending federal charges.

3. Date of Indictment was 6-16-20.

4. Date of Sentencing: 12-3-21.

5. Around February of 2022 Petitioner was sent back to state custody.

6. Around or about November/December of 2022 petitioner was paroled to his federal detainer.

9

7.  Petitioner has been denied access to the official record for appeal, as defined by FRAP 10(a). Petitioner needs this information, and other legal materials, to calculate exactly the amount of credit for time served that he should have been given.

    (b)    Direct Appeal of Ground Four:

        (1)    If you appealed from the judgment of conviction, did you raise this issue?

            (1)    Yes        (2)    XX No.

        (2)    If you did not raise this issue in your direct appeal, explain why:

            Response: Ineffective assistance of counsel is not generally proper for direct appeal, regardless of what Petitioner's attorney did with his brief.

    (c)    Post-Conviction Proceedings:

        (1)    Did you raise this issue in any post-conviction motion, petition, or application?

        (1)    Yes        (2)    XX No

**GROUND FIVE**: Ineffective assistance of counsel, denial of confrontation and fair trial. The Northern District of Iowa Standard Conditions of Supervision prohibit a supervisee from entering into an agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court. However, if such permission is given, the target is under Brady/Giglio entitled to that information prior to trial. If such permission is not given, evidence gained thereby must be suppressed. If the court gave permission, Petitioner is entitled to know whether or not the court authorized the entrapment. Petitioner would be entitled to confront the court, as a direct link to the conviction. Petitioner's lawyer failed to raise and argue these issues. Petitioner was denied his confrontation rights, and a fair trial.

    (a) Statement of facts.

10

1.    Petitioner was never given proof whether or not the government informer, on supervised release, was authorized to engage in such conduct by the court.

2.    Petitioner was entitled to be told the facts, regardless of whether or not the permission was given, or the scope of such permission, based on Brady/Giglio as well as the confrontation clause.

3.    Without the government's illegal informant, the government could not prove the elements of any of the three counts of the superseding indictment.

      (b)    Direct Appeal of Ground Five:

          (1)    If you appealed from the judgment of conviction, did you raise this issue?

          (1)    Yes      (2)    XX No

          (2)    If you did not raise this issue in your direct appeal, explain why:

                Response: Ineffective assistance of counsel is not generally proper for direct appeal, regardless of what Petitioner's attorney did with his brief.

      (c)    Post-Conviction Proceedings:

          (1)    Did you raise this issue in any post-conviction motion, petition, or application?

          (1)    Yes      (2)    XX No

13.    Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Response: Ineffective assistance of counsel is not generally proper for direct appeal, regardless of what Petitioner's attorney did with his brief. Lawyers don't generally tell on themselves for ineffective assistance, unauthorized disclosures, etc.

Petitioner tried to talk to his appellate lawyer about issues to be raised. The lawyer responded to say that he was keeping in touch with Petitioner's wife, and that it

11

would not be necessary to have any legal calls. Petitioner never agreed to this process or accepted it. However, Petitioner's lawyer did not confer with Petitioner except on this occasion, and when the mandate was filed. Indeed, counsel didn't even send Petitioner a copy of the briefs that he filed. Petitioner was never given a chance to review briefs.

Likewise, Petitioner got such a penurious allotment of time with his trial lawyer that he wasn't able to effectively assist in his defense and preserve his legal rights.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you (sic) are challenging?

     (1)    Yes      (2)    XX No

     If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you

in the following stages of the judgment you are challenging:

     (a)    At the preliminary hearing:

     **Samuel Owen Cross**
Federal Public Defender
222 3rd Avenue SE
Suite 290
Cedar Rapids, IA 52401
319 363 9540
Email: <u>sam_cross@fd.org</u>

     (b)    At the arraignment and plea: **Samuel Cross**

     (c)    At the trial: **Samuel Cross**

     (d)    At sentencing:

     **Katryna Lyn Spearman**
Lowther Walker LLC
101 Marietta Street NW
Suite 3650
Atlanta, GA 30303
936 537 3914
Email: kspearman@lowtherwalker.com

12

**Murdoch Walker, II**
Lowther Walker LLC
101 Marietta Street NW
Suite 3325
Atlanta, GA 30303
404 496 4052
Email: mwalker@lowtherwalker.com

(e)   On appeal: Bingzi Hu and Murdoch Walker II, both of the Lowther

Walker, LLC firm.

(f)   In any post-conviction proceeding: N/A

(g)   On appeal from any ruling against you in a post-conviction proceeding:

N/A

16.   Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?

(1)   Yes        (2)   XX No

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

(1)   Yes        (2)   XX No

(a)   If so, give name and location of court that imposed the other sentence you will serve in the future:

(b)   Give the date the other sentence was imposed:

(c)   Give the length of the other sentence:

(d)   Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

13

The judgment of conviction became final less than a year ago. However, the government has engaged in conduct contrary to their own rules, expressly designed to prevent Petitioner from preparing and filing a competent petition. Therefore, Petitioner respectfully alleges and requests a determination by the Court that the time for filing an original or amended petition 1) has not commenced to run, or 2) was tolled for all times that Petitioner was not allowed to receive and use his official record, notes, etc.

1.     The government has repeatedly rejected packages in the mail containing Petitioner's legal materials, despite their own Program Statement that says legal mail can be received, with or without a package authorization.

2.     While Petitioner was at Leavenworth USP, personnel of the DOJ or its subsidiary the DOJ-FBOP have called US Probation supervising Oscar Stilley, (Stilley) the person who provides Petitioner with administrative assistance, trying to get him in trouble for helping me and sending me my legal materials. This is bad faith and lawlessness.

3.     Such behavior is also a tacit admission that Petitioner is entitled to relief under 28 USC 2255, and that the DOJ is willing to use its subsidiary the DOJ-FBOP to illegally and unethically crush Petitioner's litigating capacity.

4.     Petitioner was forced to send his paperwork home when he was transferred from jail to prison.

5.     Petitioner has attempted to get his docket, docket items, transcripts, appellate briefs, etc, from Stilley.

6.     Stilley attempted to send legal materials to Petitioner on the following occasions.

| #  | Date                  | Cost     |
|----|-----------------------|----------|
|    |                       |          |
| 1  | 3/22/23 10:07 AM CDT  | -$7.96   |
| 2  | 3/30/23 9:28 AM CDT   | -$4.88   |
| 3  | 3/30/23 9:31 AM CDT   | -$4.20   |
| 4  | 3/6/24 11:35 AM CST   | -$10.11  |
| 5  | 3/15/24 11:47 AM CDT  | -$6.91   |
| 6  | 4/26/24 11:00 AM CDT  | -$12.60  |
| 7  | 5/15/24 2:00 PM CDT   | -$6.77   |
| 8  | 5/29/24 11:00 AM CDT  | -$6.82   |
| 9  | 5/30/24 2:09 PM CDT   | -$6.82   |

| 10 | 7/25/24 1:30 PM CDT | -$20.69 |
| 11 | 8/11/24 11:39 AM CDT | -$20.69 |

7.    Every occasion that shows a cost in excess of $10 involves a big box of legal documents, mission critical for a competent 28 USC 2255.

8.    The first two, numbers 4 and 6, were sent to Leavenworth USP, which resulted in attempts to get Stilley's supervised release revoked, so he would be sent back to prison, eliminating Petitioner's one knowledgeable person able and willing to provide administrative assistance.

9.    Petitioner incorporates Docket #134 as if set forth word for word.

10.    Stilley on April 15, 2024 sent the Executive Assistant to Crystal Carter, Warden of Leavenworth USP, an email explaining what happened and why it was flagrantly illegal and improper. Exhibit "1." All exhibits to this motion are incorporated herein as if set forth word for word.

11.    Warden Carter and her Executive Assistant ignored this email, failing to even acknowledge receipt.

12.    Stilley on April 23, 2024 sent a letter as an attachment to the Warden's Executive Assistant. Exhibit "2." Once again, there was no response at all.

13.    Stilley on April 26, 2024 sent the package again, this time adding two books of a legal nature.

14.    Stilley on the outside of the package added a message containing his phone and email, various quotations from US DOJ-FBOP Program Statement 5800-16. This was clearly printed on a standard 8.5" X 5.5" (half a letter size page) adhesive label, the same kind of label used to print the postage label on PirateShip. Exhibit "3."

15.    That second package was delivered by the US Post Office to prison personnel on April 30, 2024.

16.    Prison personnel still haven't delivered this material or sent the appropriate form to either Stilley or Defendant, setting forth any reasons for failure to deliver.

17.    After April 30, 2024, Petitioner was transferred to FCI Ray Brook in New York state.

15

18.    The next to last entry on the list was a USPS Large Flat Rate Box full of legal materials, with two copies of a book on how to defend criminal charges, sent to FCI Ray Brook. It had the label described above, with excerpts from the referenced Program Statement, showing that prior authorization isn't required.

19.    This was returned to Stilley.

20.    Petitioner then got official authorization to get his legal material. Stilley printed this on a sticky label and put it on the outside of the box, with the original inside.

21.    The mailroom rejected this shipment as well. Their complete objection is set forth below:
   ·    Specific Material Returned: All incoming correspondence (Books) must come from an approved book store. Books also can not exceed a qty of (5). There can be no spirals in the books.

22.    There is no rule against "spirals," more correctly described as "Ibico combs."

23.    FCI Ray Brook, a medium security prison, has an Ibico comb binder in the law library.

24.    This circuit, and most other circuits, require binding for briefs, that allow the brief to lie flat when open.

25.    Ibico comb binding is the only option for such appellate briefs, in nearly all federal prisons.

26.    The complaint about "spirals" was *and always is* a lawless attack on Petitioner's rights of due process, peaceful petition, and reasonable access to the courts. It is an attack on organization and effective criminal defense.

27.    The package had only two copies of a book on law, and those books had sample pleadings.

28.    The other "books" were actually just Ibico bound sets of docket and docket items, transcripts, etc.

29.    Defendant has been on extended lockdowns, which make it basically impossible to do any meaningful work.

30.    Also, the government denies Petitioner access to a computer and printer,

16

for the purpose of preparing his own 2255 petition. They have computers that could be used to draft properly formatted petitions, print them, sign them, and mail them.

31.    Alternatively, they could allow Petitioner to use his own computer, just as the DOJ allowed Eric Robert Rudolph, the Atlanta Olympics bomber, to possess and use a computer in his own cell. Petitioner's rights are no less than those of a notorious terrorist.

32.    Petitioner respectfully claims and argues that this is intentional interference with his right of reasonable access to the courts, such that the one-year statute of limitations should not and does not begin to run until this willful obstruction ceases.

33.    Petitioner seeks a ruling and seeks to vindicate his legal rights. Petitioner reserves the right to amend his 2255 at any time up to one full year after his adversary the DOJ and DOJ-FBOP cease their invidious interference with his rights to reasonable access to the courts.


* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that: A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of

(1)    the date on which the judgment of conviction became final;
(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

WHEREFORE, Defendant Patrick Webb respectfully requests that this Court enter judgment as a matter of law, striking the indictment and acquitting said Defendant of all charges; alternatively for an amended order which includes no confinement or punishment whatsoever, in excess of that authorized by Congress in light of the law

17

and facts as shown in this case; alternatively for a judgment and commitment order for incarceration not to exceed "time served;" and for such other, further, or different relief as may be appropriate, whether or not specifically requested.

## VERIFICATION

Defendant Patrick Webb, Jr., by his signature below pursuant to 28 USC 1746 declares under penalty of perjury that the foregoing facts are true and correct.

Respectfully submitted,

By: *Patrick Miller Webb Jr.*

9-5-24
Date

PATRICK MILLER WEBB, JR., # 18451-029
FCI RAY BROOK
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 900
RAY BROOK, NY 12977

## CERTIFICATE OF SERVICE

Defendant by his signature above pursuant to 28 USC 1746 declares under penalty of perjury that he caused this pleading to be served on all other parties entitled to service by placing this pleading in the prison outgoing mail, to the Clerk of Court, to be filed and served via CM/ECF. To the extent that the prison legal mail system was available at the time of mailing, Defendant used that system.

18

 **Gmail**

Oscar Stilley <oscarstilley@gmail.com>

## Patrick Miller Webb, Jr., # 18451-029 -- legal mail

1 message

**Oscar Stilley** <oscarstilley@gmail.com>                                    Mon, Apr 15, 2024 at 9:50 AM
To: LVN-ExecAssistant-S@bop.gov
Bcc: Misty Webb <mistyoleson123@gmail.com>, Melanie Weatherall <Melanie.weatherall@yahoo.com>

Greetings:

I'm trying to get some legal material to Patrick Miller Webb, Jr., # 18451-029. I sent a package 3-6-2024, but it was returned. The package label showed that it was from a publisher, and was marked "Legal Material, Please Expedite."

The package was returned with a handwritten notation "No authorization RTS not legal." There was also a small sticker that said "Return to Sender -- Refused -- Unable to Forward -- Return to Sender.

The package wasn't opened. The white Pirateship label covered the seal, and the label wasn't broken. I examined the package carefully, and found no signs that it was opened. I'm not sure how they could question the nature of the contents without opening it. I talked to Patrick 4-12-2024, he said he was told that the Postal Service sent it back, as opposed to prison authorities.

This thinking doesn't work very well. You can do a detailed tracking of the package at https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9405536105536514622312  Make sure you click the "See All Tracking History." Otherwise you'll see only the final return, not the steps and details along the way.

The package arrived at Leavenworth on the 9th. It was returned on the 18th. That's way more time than the American Correctional Association (ACA) Standards and Expected Practices for Adult Correctional Institutions, 5th Edition, might possibly authorize. Plus Patrick says he never got his due process notice and right to object and/or exhaust administrative remedies.

Could you forward this email on to his Case Manager Mr. Dickerson, with copy to me? I'd like to confer with him about how to resolve all objections, and prepare the package so that it is delivered within the times prescribed by the ACA.

Mr. Webb has an upcoming deadline for his 2255 petition. His direct appeal was affirmed 6-12-2023. Therefore he has a very short time period to get everything together so as to prepare a reasonably well drafted, timely petition. Time is of the essence. He is already far behind any reasonable schedule. He needs to examine the materials in the package, to tell me what else to order for him.

Thanks so much for your assistance in this matter.

Oscar Stilley

--
Oscar Stilley
10600 North Highway 59
Cedarville, AR 72932
479.384.2303 cell phone
oscarstilley@gmail.com

# Oscar Stilley

## D/B/A Big Bad Oscar's Publishing House

2303 cell

10600 N Hwy 59, Cedarville, AR 72932  479.384.2303 cell  oscarstilley@gmail.com

April 23, 2024

Exhibit "2"

Crystal Carter, Warden
FCI Leavenworth
Federal Correctional Institution
P.O. Box 1000
Leavenworth, KS 66048

Re:    Patrick Miller Webb, Jr., # 18451-029 – mailing legal materials
         Via email only to LVN-ExecAssistant-S@bop.gov

Dear Warden Carter:

On April 15, 2024 I sent an email to your Executive Assistant, about mail that was rejected and sent back by your personnel. She didn't respond to it. Please ask her to print a copy and lay it on your desk, so you can read it.

The package was marked "Legal Material – Please Expedite." Someone hand wrote on it the notation "No Authorization RTS Not Legal." The package also had a printed label "Return to Sender," but it is plain that the prison held the package for an outrageously long period of time, then prevailed upon the Post Office to send it back.

The package contained nothing but Ibico bound copies of docket items, transcripts, and other legal materials related to Mr. Webb's legal case. The claim that the mailed matter was "not legal" is a pure unadulterated fraud. Further information is included in the email your Executive Assistant will provide to you.

Mail to federal prisons is regulated by DOJ-FBOP Program Statement 5800.16. This policy statement provides <u>in pertinent part at page 25-26</u>:

> Incoming inmate package mail will be refused and returned to the sender if it is received without an appropriately completed BP-A0331, and where no markings indicate authorized materials are enclosed or if it is not identifiable as coming from a commercial source.  When refusing and returning incoming inmate package mail, staff will:
>
> ■ Fill out a BP-A0328 indicating the reason the incoming inmate package mail was refused and returned (staff may complete the BP-A0328 form while at the post office or may record the information and complete the form upon return to the

1

institution).
- Send the record copy of the BP-A0328 to the sender.
- Return the inmate package mail to the sender.
- Deliver a copy of the BP-A0328 to the inmate.
- Forward a copy to the inmate central file.

Pages 24-25 of the same document make it perfectly clear that legal materials don't require previous authorization, so long as the nature of the contents is properly disclosed on the outside of the package. Of course, when your personnel open the package, they can verify that the statement on the outside of the package is accurate.

If you question what I have to say, you can click the link, or look at the URL. This is an official document posted online by the DOJ-FBOP.

I never received a copy of the BP-A0328. That duty didn't expire because it wasn't done timely. Please PROMPTLY send me a copy of a BP-A0328, or confess that the rejection of my mail was in error. Mr. Webb says he didn't get one either, which is a separate offense. Please note that there is no lawful reason for the rejection, which means that even if your personnel send the form, it actually needs to be an apology and a promise to do better next time.

I'll send this material again. This time I'll include both my mobile phone number and my email address. That info is on my letterhead as well, and also as a footer to my emails. This time, there will be no plausible deniability that your personnel had the wherewithal to make due inquiry about the package.

This time I plan to send two copies of my book "Busting the Feds: How to Effectively Defend Yourself Against Federal Criminal Charges." The box wasn't quite full. Those books will make good packing materials as well as providing good info for federal criminal defense. If you think this doesn't qualify in a package of legal materials, please let me know how to get this in, or else explain why I can't.

I downloaded a pdf copy of the BP-A0331 form, authorization to mail a package. It speaks of "personal property." *Your own form* says it should be included *inside* the package. How then can your personnel send a package back unopened? More importantly, how can your personnel return that which is UNMISTAKABLY legal materials? If your personnel don't open the package, they cannot know if it contains a BP-A0331 or not. If they open it and the package plainly contains nothing but legal materials, they have a duty to deliver it, regardless of any writings on the outside.

That being said, if you want to promptly send me a form authorizing legal documents including those Ibico bound with covers, and two books about federal

2

criminal defense, help yourself. You have my email address -- sending me a pdf copy of the completed form will be easy. However, when you do your personnel should explain why it is necessary, if that's your position. Otherwise I'll presume its inclusion is nothing but a face-saving measure for the DOJ-FBOP personnel who denied my constitutional due process rights.

I'm a publisher. I use a D/B/A and self-publish on Amazon. I also prepare and send dockets, docket items, transcripts, discovery, etc. Those things are indispensable to the lawful and reasonable exercise of the constitutional rights of peaceful petition and due process. Of course the 1st Amendment protects the right to speech and the press.

Please respond within 2 business days. Mr. Webb is on a tight deadline for his 2255 petition.

I can't force you to respond. You can give me the silent treatment, just as your Executive Assistant has done. I won't immediately sue you for doing that. I'll inquire of Andre Matevousian, Director of the North Central Office of the DOJ-FBOP, and see what he has to say about it.

Technically, he doesn't have to talk either, but if so I'll take the matter up with Colette S. Peters, Director of the DOJ-FBOP.

Once again I cannot force her to talk. A complaint and summons will force someone to talk, even if it's just the lawyers. That's not the only pleading that can compel lawyers to talk. Let's not take it that far. Let's work this out. Let's be friends, or at least cordial.


All the best.

/s/ Oscar Stilley

Oscar Stilley

Case 2:24-cv-01030-CJW-MAR   Document 1   Filed 09/10/24   Page 22 of 73

THIS PACKAGE CONTAINS TIME SENSITIVE LEGAL DOCUMENTS **AUTHORIZED BY BUREAU POLICY**

For further information about this package you may call Oscar Stilley at 479.384.2303, or email him at oscarstilley@gmail.com.

Mail to federal prisons is regulated by DOJ-FBOP Program Statement 5800.16. This policy statement provides in pertinent part at page 24-26:

3.13 INMATE PACKAGE MAIL INCOMING All incoming inmate property packages must be authorized in advance **unless otherwise approved under another Bureau policy**. An Authorization to Receive Package or Property (BP-A0331) will be used for this purpose. A BP-A0331 is valid for no more than 60 calendar days from the date of approval.

Note: **Some packages are authorized under other Bureau policies** (for example, educational or **legal materials**). Inmates should be advised that they are *not required to have these packages pre-approved*. These packages must be marked with words such as **Authorized by Bureau Policy**. Some publications are mailed to the institution as a package. If this type of package is identifiable as coming from a commercial source such as a publisher, bookstore, or a book club, it will not require a BP-A0331, **or** the marking Authorized by Bureau Policy. They are intended to alert mail room staff that enclosed materials contain matter which does not require prior approval. These markings assist mail room staff to identify and process the materials and avoid erroneous returns.

...........

Incoming inmate package mail will be refused and returned to the sender if it is received without an appropriately completed BP-A0331, and **where no markings indicate authorized materials are enclosed or if it is not identifiable as coming from a commercial source.** When refusing and returning incoming inmate package mail, staff will:

- **Fill out a BP-A0328 indicating the reason the incoming inmate package mail was refused and returned** (staff may complete the BP-A0328 form while at the post office or may record the information and complete the form upon return to the institution).
- **Send the record copy of the BP-A0328 to the sender.**
- Return the inmate package mail to the sender.
- **Deliver a copy of the BP-A0328 to the inmate.**
- Forward a copy to the inmate central file.

*Exhibit "4"*

## Affidavit

State of Iowa, County of Polk

My current legal name is Margaret Weatherall, and my current occupation is Retired. I am presently 77 years old, and my current address of residence is 695 E Army Post Rd Unit 103, Des Moines, Iowa 50315.

On or about the day of December 13th 2019, my grandson Patrick Miller Webb Jr. was arrested by Debuque police department. At that time he had called and said to come get his car and other possessions. We went to get his on or about December 14th 2019. He had my phone, a LG Metro pink/ purple phone with a pink case. A detective called and asked if I would give permission for them to go through my phone and I told them no, I wanted my phone. When going to pick up Patrick's car I asked for my phone back, the police said that it is locked up and they couldn't give it to me. I told them okay and send it back to me then. At no time did I give Patrick or his Attorney Sam Cross permission to let anyone go through my phone. I was expecting it to be sent back to me until I seen it at trial and wanted to know how they had access to my phone and the information on it when I did not give permission. This is my sworn statement..

I hereby state that the information above is true, to the best of my knowledge. I also confirm that the information here is both accurate and complete, and relevant information has not been omitted.

Signature of Individual

*Margaret Weatherall*

Date  *5-17-24*

Notary Public

Title And Rank

*Iowa Notary*

Date Of Commission Expiry

*03/4/2027*

JESSICA BARRAGAN-LIBORIO
Commission No. 854394
My Comm. Expires 03/04/2027

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                              Case No. 2:20-cr-01018 CJW

PATRICK MILLER WEBB, JR.                                    DEFENDANT

**DEFENDANT PATRICK WEBB JR.'S VERIFIED MOTION PURSUANT TO
28 USC 2255**

## PRELIMINARY INFORMATION

1.    To use this form, you must be a person who is serving a sentence under
a judgment against you in a federal court. You are asking for relief from the
conviction or the sentence. This form is your motion for relief.

2.    You must file the form in the United States district court that entered
the judgment that you are challenging. If you want to challenge a federal
judgment that imposed a sentence to be served in the future, you should file
the motion in the federal court that entered that judgment.

3.    Make sure the form is typed or neatly written.

4.    You must tell the truth and sign the form. If you make a false
statement of a material fact, you may be prosecuted for perjury.

5.    Answer all the questions. You do not need to cite law. You may
submit additional pages if necessary. If you do not fill out the form properly,
you will be asked to submit additional or correct information. If you want to
submit any legal arguments, you must submit them in a separate
memorandum. Be aware that any such memorandum may be subject to page
limits set forth in the local rules of the court where you file this motion.

6.    If you cannot pay for the costs of this motion (such as costs for an
attorney or transcripts), you may ask to proceed in forma pauperis (as a poor
person). To do that, you must fill out the last page of this form. Also, you
must submit a certificate signed by an officer at the institution where you are
confined showing the amount of money that the institution is holding for you.

7.    In this motion, you may challenge the judgment entered by only one
court. If you want to challenge a judgment entered by a different judge or
division (either in the same district or in a different district), you must file a
separate motion.

1

Comes now Defendant Patrick Webb, Jr., (Webb) and for his verified motion

pursuant to 28 USC 2255 states:

1.    (a)    Name and location of court which entered the judgment of conviction
you are challenging: **Northern District of Iowa**

      (b)    Criminal docket or case number: *United States v. Patrick Webb, Jr.*
      **Northern District of Iowa 2:20-cr-01018-CJW-1**

2.    (a)    Date of the judgment of conviction (if you know): **12-6-2021**

      (b)    Date of sentencing: **12-3-2021**

3.    Length of sentence: **380 months**

4.    Nature of crime (all counts): **Count 1: 21 USC 841(a)(1), 860(a)
      Distribute controlled substance; Count 2: 18 USC 924(c)(1) gun with
      drugs; Count 3: 18 USC 922(g) gun possession by a prohibited person.**

5.    (a)    What was your plea? (Check one)

             (1)   **XX Not guilty**     (2) Guilty     (3) Nolo contendere

      (b)    If you entered a guilty plea to one count or indictment, and a not guilty

             plea to another count or indictment, what did you plead guilty to and

             what did you plead not guilty to? **N/A**

6.    If you went to trial, what kind of trial did you have? (Check one)

             (1)   **XX Jury Trial**     (2)    Judge only

7.    Did you testify at a pretrial hearing, trial, or post-trial hearing?

             (1)   **XX Yes**     (2)    No

8.    Did you appeal from the judgment of conviction?

             (1)   **XX Yes**     (2)    No

9.    If you did appeal, answer the following:

(a)    Name of court: **Eighth Circuit**

(b)    Docket or case number (if you know): **21-3830**

(c)    Result: **Affirmed**

(d)    Date of result (if you know): **6-12-2023**

(e)    Citation to the case (if you know): *United States v. Patrick Webb, Jr.*, 8th Circuit 21-3830. **Webb doesn't know of any publication to any reporter.**

(f)    Grounds raised:

**1) The District Court failed to instruct the jury on an essential element of the charged offense. The erroneous jury instructions constructively amended the indictment and denied Mr. Webb his constitutional rights to due process, to indictment by a grand jury, and to a fair trial.**

**2) Mr. Webb was denied a complete defense of entrapment due to operation of the erroneous jury instructions. Mr. Webb was not disposed to conduct the drug deal near a protected location. The erroneous jury instruction denied Mr. Webb of a complete entrapment defense specifically as to the protected location element.**

**3) Ineffective assistance of trial counsel.**

**4) The sentence is procedurally and substantively unreasonable, and greater than necessary.**

**5) The District Court abused its discretion in applying the career offender enhancement.**

**6) The District Court abused its discretion by treating the guidelines' 10:1 methamphetamine ratio as mandatory.**

(g)    Did you file a petition for certiorari in the United States Supreme

Court?

(1)    Yes          (2)    **XX No**

(Because the answer was "no" the remainder of this question was deleted.)

Case 2:24-cv-01030-CJW-MAR   Document 1   Filed 09/10/24   Page 27 of 73

10.  Other than the direct appeals listed above, have you previously filed any

other motions, petitions, or applications, concerning this judgment of

conviction in any court?

Response: **No.**

11.  If your answer to Question 10 was "Yes," give the following information:

(Then answer to 10 was "no." The remainder of the question has been deleted.)

12.  For this motion, state every ground on which you claim that you are being
held in violation of the Constitution, laws, or treaties of the United States.
Attach additional pages if you have more than four grounds.  State the facts
supporting each ground.  Any legal arguments must be submitted in a
separate memorandum.

**GROUND ONE:**  Ineffective assistance of counsel. Counsel failed to raise and
preserve an argument that the government violated Speedy Trial by not timely
filing an indictment. Petitioner Patrick Webb, Jr. was deprived of the effective
assistance of counsel at all stages when counsel failed to file a motion to dismiss the
indictment based on failure to timely charge. 18 U.S.C. 3162 (Speedy indictment).

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts
that support your claim.):

(a) Supporting Facts

1.  Date of arrest was 12-12-19.

2.  Date of Indictment was 6-16-20.

3.  Amount of time between arrest and indictment was 186 days.

4.  On 12-16-19, state prosecutorial officials decided that the state would not
charge Petitioner with the delivery of methamphetamine at that time since a loaded
9mm handgun was also located in the vehicle under the driver's seat and it was
determined to be stolen out of Jasper County, IA. Everyone knew that the case
would be presented to the U.S. Attorney Office for possible federal prosecution so
state charges were not sought at that time.

5.  Petitioner was held on parole violation. (Possession with intent meth).

4

6.    Around February of 2020, the Federal charges against petitioner were dismissed, and later refiled by the feds based on the same set of facts 6-16-20.

7.    The arrest caused the speedy trial time to run out. Petitioner should have been released, and no grand jury should have heard any request for indictment.

      (b)    Direct Appeal of Ground One:

          (1)    If you appealed from the judgment of conviction, did you raise

this issue?

          (1)    Yes        (2)    XX No

          (2)    If you did not raise this issue in your direct appeal, explain why:

          Response: Ineffective assistance of counsel is not generally

          proper for direct appeal, regardless of what Petitioner's attorney

          did with his brief.

      (c)    Post-Conviction Proceedings:

          (1)    Did you raise this issue in any post-conviction motion, petition, or application?

          (1)    Yes        (2)    XX No

**GROUND TWO:** Petitioner was deprived of effective assistance because his counsel illegally admitted highly prejudicial evidence, without authorization from Petitioner.

    (a) Supporting facts

1.    SMS messages reflect that on September 20 and 21, 2019, a government informant named Joshua Walker (Walker) texted and asked for the contact information of "Emily Stampt," an alias name used by Abbie Jenkins.

2.    Messages further reflect that beginning on October 10, Walker texted Petitioner Webb to try to set up a methamphetamine deal. Messages reflect Mr.

Webb stating THAT IT WAS NOT GOING TO HAPPEN, and several messages over the course of the following two days to which Mr. Webb did not respond.

3.     Walker then asked Mr. Webb if he could meet "Emily." Messages again reflect that on October 21 and 22, Walker messaged Mr. Webb asking him to drive up to Dubuque, and after responding "yea maybe," Mr. Webb did not respond.

4.     Message records reflect that Walker again tried to arrange a meeting with Mr. Webb in early November, and again Mr. Webb demurred.

5.     On November 22, Walker told Leitzen that he could arrange a sale of methamphetamine from Mr. Webb where Mr. Webb would travel from Des Moines to Dubuque and deliver $3,100 of methamphetamine. This meeting did not happen.

6.     Ultimately on December 12, 2019, Webb did drive to Dubuque. Webb was traveling to Dubuque from Des Moines with his methamphetamine source, an unknown female.

7.     On December 31, 2020, right before trial Petitioner's lawyer came to Petitioner and said that in order for him to prove entrapment that he would need Petitioner to sign a form for counsel to get into the phone. The phone was Petitioner's grandmother's phone that Petitioner had been using because he couldn't afford his own phone at the time. Petitioner wasn't able to work because He wasn't allowed to work in the inpatient program that he was in.

8.     Law enforcement had tried to get into the phone on December 13, 2019. They weren't able to access that information because it wasn't Petitioner's phone but Petitioner's grandmother's phone, and she justifiably refused to give permission. Petitioner signed the form thinking that his lawyer was looking out for his best interest. Counsel told Petitioner that only the messages that established entrapment would be disclosed and that we would review the material together, to ensure that all disclosures were in the best interests of Petitioner. Petitioner took his word for it. Petitioner's lawyer was lying.

9.     Petitioner called his lawyer about 30 minutes after he left Linn County Jail and told him Petitioner didn't want to go through with getting the phone records. Petitioner's lawyer said it was too late, that he had given everything to the prosecutor already. Petitioner's heart sank, because it was clear that his lawyer was working with the prosecutor and violating his solemn commitments to Petitioner.

10.     At trial this came back to haunt Petitioner, because they used two messages, from two different people, one a piece, saying that Petitioner was already involved in criminal activity and that he was predisposed to sell drugs, which wasn't true, even though Petitioner had used drugs. The other message looks like Petitioner was selling drugs but it wasn't Petitioner that was using the phone. Rather, Petitioner's

6

supplier who seems to have been trying to sell to one of Petitioner's friends and whoever else she spoke with.

11.     Petitioner later discovered that his lawyer wrote an unauthorized motion to continue, stating that Petitioner gave law enforcement consent to search his LG cell phone with a pink case and provided the proper pass code to unlock the phone. Law enforcement extracted the information from the phone to download its contents. Officers reviewed the download and observed the same Dec.12, 2019 text messages between defendant and J.W.'s that were obtained from J.W.'s phone.

12.     Petitioner's lawyer told him to allow the *procurement of evidence* in his grandma's phone relating to the event, to show entrapment. However, the lawyer *turned over the contents* of the phone. Counsel for all practical purposes conceded guilt that did not in fact exist. An entrapment defense was clearly available, yet counsel destroyed this opportunity by his unauthorized disclosure of evidence to the government.

13.     On information and belief, Petitioner's lawyer was lying about whether and when the government got possession of the evidence off the phone. Petitioner plans to seek discovery that will show the exact date and time of the aforementioned phone call to the lawyer, and furthermore the exact time that the phone was accessed for the purpose of getting the evidence.

    (b)    Direct Appeal of Ground Two:

        (1)    If you appealed from the judgment of conviction, did you raise

this issue?

        (1)    Yes        (2)    XX No

        (2)    If you did not raise this issue in your direct appeal, explain why:

            Response: Ineffective assistance of counsel is not generally

            proper for direct appeal, regardless of what Petitioner's attorney

            did with his brief.

    (c)    Post-Conviction Proceedings:

        (1)    Did you raise this issue in any post-conviction motion, petition, or application?

        (1)    Yes        (2)    XX No

**GROUND THREE:** Ineffective assistance of counsel. Counsel failed to investigate adequately, and failed to call two witnesses who would have directly supported Petitioner theory of entrapment. Counsel failed to confer with client sufficiently to allow him to effectively exercise his 6th Amendment confrontation rights, and other constitutional rights.

    (a)    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1.    Prior to Petitioner's arrest, Craig Witt messaged Petitioner on Facebook asking for help finding an onion, which denotes an ounce. But did not state what drug he was talking about. Petitioner knew because he only asks Petitioner questions like that when it comes to marijuana, because he knows Petitioner uses it and knows where to find it.

2.    Petitioner's defense counsel failed to investigate adequately or establish the facts by cross examination. The prosecutor took the message and made it look like it was methamphetamine instead of marijuana and that Petitioner was dealer of methamphetamine, rather than a mere drug user.

3.    Had Petitioner's attorney not failed to subpoena Witt, the defense would have been able to present this highly exculpatory information, which would have soundly contradicted the prosecution theory.

4.    On or about the beginning of December of 2019, "Emily Stampt," an alias name used by Abbie Jenkins messaged Petitioner, seeking a source of drugs.

5.    Petitioner was out on a pass from the Door of Faith program at Bethel Mission inpatient facility and happened to be with someone with knowledge, so Petitioner gave them the phone. They messaged her and Petitioner didn't know what was said.

6.    Petitioner didn't even know about the two messages used against him, until the second day of trial.

7.    Had Petitioner been informed of the evidence, he would have made sure that defense counsel subpoenaed the author of each message, to put context to the messages.

8.    Since Petitioner didn't author these words, the jury would not logically have held Petitioner liable for them.

9.    Also, if the defense lawyer had provided effective assistance, he would have made sure that such messages were never presented to the jury at all.

8

10.    The absence of evidence from the phone almost certainly would have prevented a conviction.

11.    Petitioner got such an absurdly inadequate allotment of time with his counsel that he could not receive effective assistance of counsel.

　　　(b)    Direct Appeal of Ground Three:
　　　　　(1)    If you appealed from the judgment of conviction, did you raise this issue?
　　　　　(1)    Yes        (2)    XX No
　　　　　(2)    If you did not raise this issue in your direct appeal, explain why:
Response: Ineffective assistance of counsel is not generally proper for direct appeal, regardless of what Petitioner's attorney did with his brief.
　　　(c)    Post-Conviction Proceedings:
　　　　　(1)    Did you raise this issue in any post-conviction motion, petition, or application?

　　　　　(1)    Yes        (2)    XX No

..................

**GROUND FOUR**: Ineffective assistance of counsel. The district court erred by failing to account for the time defendant had served in Iowa for a related state offense after finding, the time served in Iowa was for relevant conduct. District court counsel raised and argued the issue. Appellate counsel didn't raise or argue the issue, despite good opportunity. Appellate counsel didn't give Petitioner counsel and opportunity to participate effectively in his defense on appeal.

　　　(a)    Supporting Facts. (To the extent not barred by law or rule or contrary to Petitioner's interests, all parts of this pleading are incorporated into all other parts.

1.    Date of arrest was 12-12-19.

2.    Petitioner was held on Parole violation for pending federal charges.

3.    Date of Indictment was 6-16-20.

4.    Date of Sentencing: 12-3-21.

5.    Around February of 2022 Petitioner was sent back to state custody.

6.    Around or about November/December of 2022 petitioner was paroled to his federal detainer.

9

7. Petitioner has been denied access to the official record for appeal, as defined by FRAP 10(a). Petitioner needs this information, and other legal materials, to calculate exactly the amount of credit for time served that he should have been given.

    (b)     Direct Appeal of Ground Four:

        (1)     If you appealed from the judgment of conviction, did you raise

this issue?

        (1)     Yes         (2)     XX No.

        (2)     If you did not raise this issue in your direct appeal, explain why:

                Response: Ineffective assistance of counsel is not generally

                proper for direct appeal, regardless of what Petitioner's attorney

                did with his brief.

    (c)     Post-Conviction Proceedings:

        (1)     Did you raise this issue in any post-conviction motion, petition, or application?

        (1)     Yes         (2)     XX No

**GROUND FIVE**: Ineffective assistance of counsel, denial of confrontation and fair trial. The Northern District of Iowa Standard Conditions of Supervision prohibit a supervisee from entering into an agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court. However, if such permission is given, the target is under Brady/Giglio entitled to that information prior to trial. If such permission is not given, evidence gained thereby must be suppressed. If the court gave permission, Petitioner is entitled to know whether or not the court authorized the entrapment. Petitioner would be entitled to confront the court, as a direct link to the conviction. Petitioner's lawyer failed to raise and argue these issues. Petitioner was denied his confrontation rights, and a fair trial.

    (a) Statement of facts.

1.    Petitioner was never given proof whether or not the government informer, on supervised release, was authorized to engage in such conduct by the court.

2.    Petitioner was entitled to be told the facts, regardless of whether or not the permission was given, or the scope of such permission, based on Brady/Giglio as well as the confrontation clause.

3.    Without the government's illegal informant, the government could not prove the elements of any of the three counts of the superseding indictment.

    (b)    Direct Appeal of Ground Five:

        (1)    If you appealed from the judgment of conviction, did you raise this issue?

        (1)    Yes          (2)    XX No

        (2)    If you did not raise this issue in your direct appeal, explain why:

        Response: Ineffective assistance of counsel is not generally proper for direct appeal, regardless of what Petitioner's attorney did with his brief.

    (c)    Post-Conviction Proceedings:

        (1)    Did you raise this issue in any post-conviction motion, petition, or application?

        (1)    Yes          (2)    XX No

13.    Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Response: Ineffective assistance of counsel is not generally proper for direct appeal, regardless of what Petitioner's attorney did with his brief. Lawyers don't generally tell on themselves for ineffective assistance, unauthorized disclosures, etc.

Petitioner tried to talk to his appellate lawyer about issues to be raised. The lawyer responded to say that he was keeping in touch with Petitioner's wife, and that it

11

would not be necessary to have any legal calls. Petitioner never agreed to this process or accepted it. However, Petitioner's lawyer did not confer with Petitioner except on this occasion, and when the mandate was filed. Indeed, counsel didn't even send Petitioner a copy of the briefs that he filed. Petitioner was never given a chance to review briefs.

Likewise, Petitioner got such a penurious allotment of time with his trial lawyer that he wasn't able to effectively assist in his defense and preserve his legal rights.

14.  Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you (sic) are challenging?

     (1)    Yes        (2)    XX No

            If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15.  Give the name and address, if known, of each attorney who represented you

in the following stages of the judgment you are challenging:

     (a)    At the preliminary hearing:

            **Samuel Owen Cross**
            Federal Public Defender
            222 3rd Avenue SE
            Suite 290
            Cedar Rapids, IA 52401
            319 363 9540
            Email: <u>sam_cross@fd.org</u>

     (b)    At the arraignment and plea: **Samuel Cross**

     (c)    At the trial:  **Samuel Cross**

     (d)    At sentencing:

            **Katryna Lyn Spearman**
            Lowther Walker LLC
            101 Marietta Street NW
            Suite 3650
            Atlanta, GA 30303
            936 537 3914
            Email: kspearman@lowtherwalker.com

12

Murdoch Walker, II
Lowther Walker LLC
101 Marietta Street NW
Suite 3325
Atlanta, GA 30303
404 496 4052
Email: mwalker@lowtherwalker.com

(e)      On appeal: Bingzi Hu and Murdoch Walker II, both of the Lowther

Walker, LLC firm.

(f)      In any post-conviction proceeding: N/A

(g)      On appeal from any ruling against you in a post-conviction proceeding:

N/A

16.      Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?

           (1)     Yes       (2)     XX No

17.      Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

           (1)     Yes       (2)     XX No

(a)      If so, give name and location of court that imposed the other sentence you will serve in the future:

(b)      Give the date the other sentence was imposed:

(c)      Give the length of the other sentence:

(d)      Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?

18.      TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The judgment of conviction became final less than a year ago. However, the government has engaged in conduct contrary to their own rules, expressly designed to prevent Petitioner from preparing and filing a competent petition. Therefore, Petitioner respectfully alleges and requests a determination by the Court that the time for filing an original or amended petition 1) has not commenced to run, or 2) was tolled for all times that Petitioner was not allowed to receive and use his official record, notes, etc.

1. The government has repeatedly rejected packages in the mail containing Petitioner's legal materials, despite their own Program Statement that says legal mail can be received, with or without a package authorization.

2. While Petitioner was at Leavenworth USP, personnel of the DOJ or its subsidiary the DOJ-FBOP have called US Probation supervising Oscar Stilley, (Stilley) the person who provides Petitioner with administrative assistance, trying to get him in trouble for helping me and sending me my legal materials. This is bad faith and lawlessness.

3. Such behavior is also a tacit admission that Petitioner is entitled to relief under 28 USC 2255, and that the DOJ is willing to use its subsidiary the DOJ-FBOP to illegally and unethically crush Petitioner's litigating capacity.

4. Petitioner was forced to send his paperwork home when he was transferred from jail to prison.

5. Petitioner has attempted to get his docket, docket items, transcripts, appellate briefs, etc, from Stilley.

6. Stilley attempted to send legal materials to Petitioner on the following occasions.

| # | Date | Cost |
|---|------|------|
| | | |
| 1 | 3/22/23 10:07 AM CDT | -$7.96 |
| 2 | 3/30/23 9:28 AM CDT | -$4.88 |
| 3 | 3/30/23 9:31 AM CDT | -$4.20 |
| 4 | 3/6/24 11:35 AM CST | -$10.11 |
| 5 | 3/15/24 11:47 AM CDT | -$6.91 |
| 6 | 4/26/24 11:00 AM CDT | -$12.60 |
| 7 | 5/15/24 2:00 PM CDT | -$6.77 |
| 8 | 5/29/24 11:00 AM CDT | -$6.82 |
| 9 | 5/30/24 2:09 PM CDT | -$6.82 |

14

| 10 | 7/25/24 1:30 PM CDT | -$20.69 |
| 11 | 8/11/24 11:39 AM CDT | -$20.69 |

7.    Every occasion that shows a cost in excess of $10 involves a big box of legal documents, mission critical for a competent 28 USC 2255.

8.    The first two, numbers 4 and 6, were sent to Leavenworth USP, which resulted in attempts to get Stilley's supervised release revoked, so he would be sent back to prison, eliminating Petitioner's one knowledgeable person able and willing to provide administrative assistance.

9.    Petitioner incorporates Docket #134 as if set forth word for word.

10.    Stilley on April 15, 2024 sent the Executive Assistant to Crystal Carter, Warden of Leavenworth USP, an email explaining what happened and why it was flagrantly illegal and improper. Exhibit "1." All exhibits to this motion are incorporated herein as if set forth word for word.

11.    Warden Carter and her Executive Assistant ignored this email, failing to even acknowledge receipt.

12.    Stilley on April 23, 2024 sent a letter as an attachment to the Warden's Executive Assistant. Exhibit "2." Once again, there was no response at all.

13.    Stilley on April 26, 2024 sent the package again, this time adding two books of a legal nature.

14.    Stilley on the outside of the package added a message containing his phone and email, various quotations from US DOJ-FBOP Program Statement 5800-16. This was clearly printed on a standard 8.5" X 5.5" (half a letter size page) adhesive label, the same kind of label used to print the postage label on PirateShip. Exhibit "3."

15.    That second package was delivered by the US Post Office to prison personnel on April 30, 2024.

16.    Prison personnel still haven't delivered this material or sent the appropriate form to either Stilley or Defendant, setting forth any reasons for failure to deliver.

17.    After April 30, 2024, Petitioner was transferred to FCI Ray Brook in New York state.

18.  The next to last entry on the list was a USPS Large Flat Rate Box full of legal materials, with two copies of a book on how to defend criminal charges, sent to FCI Ray Brook. It had the label described above, with excerpts from the referenced Program Statement, showing that prior authorization isn't required.

19.  This was returned to Stilley.

20.  Petitioner then got official authorization to get his legal material. Stilley printed this on a sticky label and put it on the outside of the box, with the original inside.

21.  The mailroom rejected this shipment as well. Their complete objection is set forth below:
   - Specific Material Returned: All incoming correspondence (Books) must come from an approved book store. Books also can not exceed a qty of (5). There can be no spirals in the books.

22.  There is no rule against "spirals," more correctly described as "Ibico combs."

23.  FCI Ray Brook, a medium security prison, has an Ibico comb binder in the law library.

24.  This circuit, and most other circuits, require binding for briefs, that allow the brief to lie flat when open.

25.  Ibico comb binding is the only option for such appellate briefs, in nearly all federal prisons.

26.  The complaint about "spirals" was *and always is* a lawless attack on Petitioner's rights of due process, peaceful petition, and reasonable access to the courts. It is an attack on organization and effective criminal defense.

27.  The package had only two copies of a book on law, and those books had sample pleadings.

28.  The other "books" were actually just Ibico bound sets of docket and docket items, transcripts, etc.

29.  Defendant has been on extended lockdowns, which make it basically impossible to do any meaningful work.

30.  Also, the government denies Petitioner access to a computer and printer,

16

for the purpose of preparing his own 2255 petition. They have computers that could be used to draft properly formatted petitions, print them, sign them, and mail them.

31.    Alternatively, they could allow Petitioner to use his own computer, just as the DOJ allowed Eric Robert Rudolph, the Atlanta Olympics bomber, to possess and use a computer in his own cell. Petitioner's rights are no less than those of a notorious terrorist.

32.    Petitioner respectfully claims and argues that this is intentional interference with his right of reasonable access to the courts, such that the one-year statute of limitations should not and does not begin to run until this willful obstruction ceases.

33.    Petitioner seeks a ruling and seeks to vindicate his legal rights. Petitioner reserves the right to amend his 2255 at any time up to one full year after his adversary the DOJ and DOJ-FBOP cease their invidious interference with his rights to reasonable access to the courts.


\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:  A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of

(1)    the date on which the judgment of conviction became final;
(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

WHEREFORE, Defendant Patrick Webb respectfully requests that this Court enter

judgment as a matter of law, striking the indictment and acquitting said Defendant

of all charges; alternatively for an amended order which includes no confinement or

punishment whatsoever, in excess of that authorized by Congress in light of the law

Case 2:24-cv-01030-CJW-MAR   Document 1   Filed 09/10/24   Page 41 of 73

and facts as shown in this case; alternatively for a judgment and commitment order for incarceration not to exceed "time served;" and for such other, further, or different relief as may be appropriate, whether or not specifically requested.

## VERIFICATION

Defendant Patrick Webb, Jr., by his signature below pursuant to 28 USC 1746 declares under penalty of perjury that the foregoing facts are true and correct.

Respectfully submitted,


By:_____       _____
PATRICK MILLER WEBB, JR., # 18451-029       Date
FCI RAY BROOK
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 900
RAY BROOK, NY 12977

## CERTIFICATE OF SERVICE

Defendant by his signature above pursuant to 28 USC 1746 declares under penalty of perjury that he caused this pleading to be served on all other parties entitled to service by placing this pleading in the prison outgoing mail, to the Clerk of Court, to be filed and served via CM/ECF. To the extent that the prison legal mail system was available at the time of mailing, Defendant used that system.

18

 Gmail

## Patrick Miller Webb, Jr., # 18451-029 -- legal mail
1 message

**Oscar Stilley** <oscarstilley@gmail.com>              Mon, Apr 15, 2024 at 9:50 AM
To: LVN-ExecAssistant-S@bop.gov
Bcc: Misty Webb <mistyoleson123@gmail.com>, Melanie Weatherall <Melanie.weatherall@yahoo.com>

Greetings:

I'm trying to get some legal material to Patrick Miller Webb, Jr., # 18451-029. I sent a package 3-6-2024, but it was returned. The package label showed that it was from a publisher, and was marked "Legal Material, Please Expedite."

The package was returned with a handwritten notation "No authorization RTS not legal." There was also a small sticker that said "Return to Sender -- Refused -- Unable to Forward -- Return to Sender.

The package wasn't opened. The white Pirateship label covered the seal, and the label wasn't broken. I examined the package carefully, and found no signs that it was opened. I'm not sure how they could question the nature of the contents without opening it. I talked to Patrick 4-12-2024, he said he was told that the Postal Service sent it back, as opposed to prison authorities.

This thinking doesn't work very well. You can do a detailed tracking of the package at https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9405536105536514622312 Make sure you click the "See All Tracking History." Otherwise you'll see only the final return, not the steps and details along the way.

The package arrived at Leavenworth on the 9th. It was returned on the 18th. That's way more time than the American Correctional Association (ACA) Standards and Expected Practices for Adult Correctional Institutions, 5th Edition, might possibly authorize. Plus Patrick says he never got his due process notice and right to object and/or exhaust administrative remedies.

Could you forward this email on to his Case Manager Mr. Dickerson, with copy to me? I'd like to confer with him about how to resolve all objections, and prepare the package so that it is delivered within the times prescribed by the ACA.

Mr. Webb has an upcoming deadline for his 2255 petition. His direct appeal was affirmed 6-12-2023. Therefore he has a very short time period to get everything together so as to prepare a reasonably well drafted, timely petition. Time is of the essence. He is already far behind any reasonable schedule. He needs to examine the materials in the package, to tell me what else to order for him.

Thanks so much for your assistance in this matter.

Oscar Stilley

--
Oscar Stilley
10600 North Highway 59
Cedarville, AR 72932
479.384.2303 cell phone
oscarstilley@gmail.com

# Oscar Stilley

## D/B/A Big Bad Oscar's Publishing House

10600 N Hwy 59, Cedarville, AR 72932  479.384.2303 cell  oscarstilley@gmail.com

April 23, 2024

Exhibit "2"

Crystal Carter, Warden
FCI Leavenworth
Federal Correctional Institution
P.O. Box 1000
Leavenworth, KS 66048

Re:    Patrick Miller Webb, Jr., # 18451-029 – mailing legal materials
       Via email only to LVN-ExecAssistant-S@bop.gov

Dear Warden Carter:

On April 15, 2024 I sent an email to your Executive Assistant, about mail that was rejected and sent back by your personnel. She didn't respond to it. Please ask her to print a copy and lay it on your desk, so you can read it.

The package was marked "Legal Material – Please Expedite." Someone hand wrote on it the notation "No Authorization RTS Not Legal." The package also had a printed label "Return to Sender," but it is plain that the prison held the package for an outrageously long period of time, then prevailed upon the Post Office to send it back.

The package contained nothing but Ibico bound copies of docket items, transcripts, and other legal materials related to Mr. Webb's legal case. The claim that the mailed matter was "not legal" is a pure unadulterated fraud. Further information is included in the email your Executive Assistant will provide to you.

Mail to federal prisons is regulated by DOJ-FBOP Program Statement 5800.16. This policy statement provides in pertinent part at page 25-26:

> Incoming inmate package mail will be refused and returned to the sender if it is received without an appropriately completed BP-A0331, and where no markings indicate authorized materials are enclosed or if it is not identifiable as coming from a commercial source.   When refusing and returning incoming inmate package mail, staff will:
>
> ■ Fill out a BP-A0328 indicating the reason the incoming inmate package mail was refused and returned (staff may complete the BP-A0328 form while at the post office or may record the information and complete the form upon return to the

1

institution).
- Send the record copy of the BP-A0328 to the sender.
- Return the inmate package mail to the sender.
- Deliver a copy of the BP-A0328 to the inmate.
- Forward a copy to the inmate central file.

Pages 24-25 of the same document make it perfectly clear that legal materials don't require previous authorization, so long as the nature of the contents is properly disclosed on the outside of the package. Of course, when your personnel open the package, they can verify that the statement on the outside of the package is accurate.

If you question what I have to say, you can click the link, or look at the URL. This is an official document posted online by the DOJ-FBOP.

I never received a copy of the BP-A0328. That duty didn't expire because it wasn't done timely. Please PROMPTLY send me a copy of a BP-A0328, or confess that the rejection of my mail was in error. Mr. Webb says he didn't get one either, which is a separate offense. Please note that there is no lawful reason for the rejection, which means that even if your personnel send the form, it actually needs to be an apology and a promise to do better next time.

I'll send this material again. This time I'll include both my mobile phone number and my email address. That info is on my letterhead as well, and also as a footer to my emails. This time, there will be no plausible deniability that your personnel had the wherewithal to make due inquiry about the package.

This time I plan to send two copies of my book "Busting the Feds: How to Effectively Defend Yourself Against Federal Criminal Charges." The box wasn't quite full. Those books will make good packing materials as well as providing good info for federal criminal defense. If you think this doesn't qualify in a package of legal materials, please let me know how to get this in, or else explain why I can't.

I downloaded a pdf copy of the BP-A0331 form, authorization to mail a package. It speaks of "personal property." *Your own form* says it should be included *inside* the package. How then can your personnel send a package back unopened? More importantly, how can your personnel return that which is UNMISTAKABLY legal materials? If your personnel don't open the package, they cannot know if it contains a BP-A0331 or not. If they open it and the package plainly contains nothing but legal materials, they have a duty to deliver it, regardless of any writings on the outside.

That being said, if you want to promptly send me a form authorizing legal documents including those Ibico bound with covers, and two books about federal

2

criminal defense, help yourself. You have my email address — sending me a pdf copy of the completed form will be easy. However, when you do your personnel should explain why it is necessary, if that's your position. Otherwise I'll presume its inclusion is nothing but a face-saving measure for the DOJ-FBOP personnel who denied my constitutional due process rights.

I'm a publisher. I use a D/B/A and self-publish on Amazon. I also prepare and send dockets, docket items, transcripts, discovery, etc. Those things are indispensable to the lawful and reasonable exercise of the constitutional rights of peaceful petition and due process. Of course the 1st Amendment protects the right to speech and the press.

Please respond within 2 business days. Mr. Webb is on a tight deadline for his 2255 petition.

I can't force you to respond. You can give me the silent treatment, just as your Executive Assistant has done. I won't immediately sue you for doing that. I'll inquire of Andre Matevousian, Director of the North Central Office of the DOJ-FBOP, and see what he has to say about it.

Technically, he doesn't have to talk either, but if so I'll take the matter up with Colette S. Peters, Director of the DOJ-FBOP.

Once again I cannot force her to talk. A complaint and summons will force someone to talk, even if it's just the lawyers. That's not the only pleading that can compel lawyers to talk. Let's not take it that far. Let's work this out. Let's be friends, or at least cordial.


All the best.

/s/ Oscar Stilley

Oscar Stilley

3

Exhibit "3"

THIS PACKAGE CONTAINS TIME SENSITIVE LEGAL DOCUMENTS
**AUTHORIZED BY BUREAU POLICY**

For further information about this package you may call Oscar Stilley at
479.384.2303, or email him at oscarstilley@gmail.com.

Mail to federal prisons is regulated by DOJ-FBOP Program Statement 5800.16.
This policy statement provides in pertinent part at page 24-26:

3.13 INMATE PACKAGE MAIL INCOMING All incoming inmate property
packages must be authorized in advance **unless otherwise approved under
another Bureau policy**. An Authorization to Receive Package or Property (BP-
A0331) will be used for this purpose. A BP-A0331 is valid for no more than 60
calendar days from the date of approval.

Note: **Some packages are authorized under other Bureau policies** (for
example, educational or **legal materials**). Inmates should be advised that they
are *not required to have these packages pre-approved*. These packages
must be marked with words such as **Authorized by Bureau Policy**. Some
publications are mailed to the institution as a package. If this type of package is
identifiable as coming from a commercial source such as a publisher, bookstore,
or a book club, it will not require a BP-A0331, **or** the marking Authorized by
Bureau Policy. They are intended to alert mail room staff that enclosed
materials contain matter which does not require prior approval. These markings
assist mail room staff to identify and process the materials and avoid erroneous
returns.

..........

Incoming inmate package mail will be refused and returned to the sender if it is
received without an appropriately completed BP-A0331, and **where no markings
indicate authorized materials are enclosed or if it is not identifiable as coming
from a commercial source.** When refusing and returning incoming inmate
package mail, staff will:

- **Fill out a BP-A0328 indicating the reason the incoming inmate package mail
  was refused and returned** (staff may complete the BP-A0328 form while at the
  post office or may record the information and complete the form upon return to
  the institution).
- **Send the record copy of the BP-A0328 to the sender.**
- Return the inmate package mail to the sender.
- **Deliver a copy of the BP-A0328 to the inmate**.
- Forward a copy to the inmate central file.

*Exhibit "4"*

## Affidavit

State of Iowa, County of Polk

My current legal name is Margaret Weatherall, and my current occupation is Retired. I am presently 77 years old, and my current address of residence is 695 E Army Post Rd Unit 103 Des Moines, Iowa 50315.

On or about the day of December 13th 2019, my grandson Patrick Miller Webb Jr. was arrested by Debuque police department. At that time he had called and said to come get his car and other possessions. We went to get his on or about December 14th 2019. He had my phone, a LG Metro pink/ purple phone with a pink case. A detective called and asked if I would give permission for them to go through my phone and I told them no, I wanted my phone. When going to pick up Patrick's car I asked for my phone back, the police said that it is locked up and they couldn't give it to me. I told them okay and send it back to me then. At no time did I give Patrick or his Attorney Sam Cross permission to let anyone go through my phone. I was expecting it to be sent back to me until I seen it at trial and wanted to know how they had access to my phone and the information on it when I did not give permission. This is my sworn statement..

I hereby state that the information above is true, to the best of my knowledge. I also confirm that the information here is both accurate and complete, and relevant information has not been omitted.

Signature of Individual

*Margaret Weatherall*

Date

*5-17-24*

Notary Public

*(signature)*

Title And Rank

*Iowa Notary*

JESSICA BARRAGAN-LIBORIO
Commission No. 854394
My Comm. Expires 03/04/2027

Date Of Commission Expiry

*03/4/2027*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                                    Case No. 2:20-cr-01018 CJW

PATRICK MILLER WEBB, JR.                                          DEFENDANT

## DEFENDANT PATRICK WEBB JR.'S VERIFIED MOTION PURSUANT TO 28 USC 2255

### PRELIMINARY INFORMATION

1.      To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2.      You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3.      Make sure the form is typed or neatly written.

4.      You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.      Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this motion.

6.      If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7.      In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

1

Comes now Defendant Patrick Webb, Jr., (Webb) and for his verified motion

pursuant to 28 USC 2255 states:

1.  (a)    Name and location of court which entered the judgment of conviction
you are challenging: **Northern District of Iowa**

    (b)    Criminal docket or case number: *United States v. Patrick Webb, Jr.*
    **Northern District of Iowa 2:20-cr-01018-CJW-1**

2.  (a)    Date of the judgment of conviction (if you know): **12-6-2021**

    (b)    Date of sentencing: **12-3-2021**

3.    Length of sentence: **380 months**

4.    Nature of crime (all counts): **Count 1: 21 USC 841(a)(1), 860(a)
Distribute controlled substance; Count 2: 18 USC 924(c)(1) gun with
drugs; Count 3: 18 USC 922(g) gun possession by a prohibited person.**

5.  (a)    What was your plea?  (Check one)

        (1)    **XX Not guilty**    (2) Guilty    (3) Nolo contendere

    (b)    If you entered a guilty plea to one count or indictment, and a not guilty

        plea to another count or indictment, what did you plead guilty to and

        what did you plead not guilty to? **N/A**

6.    If you went to trial, what kind of trial did you have?  (Check one)

        (1)    **XX Jury Trial**    (2)    Judge only

7.    Did you testify at a pretrial hearing, trial, or post-trial hearing?

        (1)    **XX Yes**    (2)    No

8.    Did you appeal from the judgment of conviction?

        (1)    **XX Yes**    (2)    No

9.    If you did appeal, answer the following:

2

(a)     Name of court: **Eighth Circuit**

(b)     Docket or case number (if you know): **21-3830**

(c)     Result: **Affirmed**

(d)     Date of result (if you know): **6-12-2023**

(e)     Citation to the case (if you know): ***United States v. Patrick Webb, Jr.***, 8th Circuit 21-3830. Webb doesn't know of any publication to any reporter.

(f)     Grounds raised:

**1) The District Court failed to instruct the jury on an essential element of the charged offense. The erroneous jury instructions constructively amended the indictment and denied Mr. Webb his constitutional rights to due process, to indictment by a grand jury, and to a fair trial.**

**2) Mr. Webb was denied a complete defense of entrapment due to operation of the erroneous jury instructions. Mr. Webb was not disposed to conduct the drug deal near a protected location. The erroneous jury instruction denied Mr. Webb of a complete entrapment defense specifically as to the protected location element.**

**3) Ineffective assistance of trial counsel.**

**4) The sentence is procedurally and substantively unreasonable, and greater than necessary.**

**5) The District Court abused its discretion in applying the career offender enhancement.**

**6) The District Court abused its discretion by treating the guidelines' 10:1 methamphetamine ratio as mandatory.**

(g)     Did you file a petition for certiorari in the United States Supreme Court?

(1)     Yes          (2)     **XX No**

(Because the answer was "no" the remainder of this question was deleted.)

3

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Response: **No.**

11. If your answer to Question 10 was "Yes," give the following information:

(Then answer to 10 was "no." The remainder of the question has been deleted.)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Ineffective assistance of counsel. Counsel failed to raise and preserve an argument that the government violated Speedy Trial by not timely filing an indictment. Petitioner Patrick Webb, Jr. was deprived of the effective assistance of counsel at all stages when counsel failed to file a motion to dismiss the indictment based on failure to timely charge. 18 U.S.C. 3162 (Speedy indictment).

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

  (a) Supporting Facts

1. Date of arrest was 12-12-19.

2. Date of Indictment was 6-16-20.

3. Amount of time between arrest and indictment was 186 days.

4. On 12-16-19, state prosecutorial officials decided that the state would not charge Petitioner with the delivery of methamphetamine at that time since a loaded 9mm handgun was also located in the vehicle under the driver's seat and it was determined to be stolen out of Jasper County, IA. Everyone knew that the case would be presented to the U.S. Attorney Office for possible federal prosecution so state charges were not sought at that time.

5. Petitioner was held on parole violation. (Possession with intent meth).

4

6.      Around February of 2020, the Federal charges against petitioner were dismissed, and later refiled by the feds based on the same set of facts 6-16-20.

7.      The arrest caused the speedy trial time to run out. Petitioner should have been released, and no grand jury should have heard any request for indictment.

     (b)      Direct Appeal of Ground One:

          (1)      If you appealed from the judgment of conviction, did you raise this issue?

          (1)      Yes          (2)      XX No

          (2)      If you did not raise this issue in your direct appeal, explain why:

          Response: Ineffective assistance of counsel is not generally

          proper for direct appeal, regardless of what Petitioner's attorney

          did with his brief.

     (c)      Post-Conviction Proceedings:

          (1)      Did you raise this issue in any post-conviction motion, petition, or application?

          (1)      Yes          (2)      XX No

**GROUND TWO:** Petitioner was deprived of effective assistance because his counsel illegally admitted highly prejudicial evidence, without authorization from Petitioner.

    (a) Supporting facts

1.      SMS messages reflect that on September 20 and 21, 2019, a government informant named Joshua Walker (Walker) texted and asked for the contact information of "Emily Stampt," an alias name used by Abbie Jenkins.

2.      Messages further reflect that beginning on October 10, Walker texted Petitioner Webb to try to set up a methamphetamine deal. Messages reflect Mr.

5

Webb stating THAT IT WAS NOT GOING TO HAPPEN, and several messages over the course of the following two days to which Mr. Webb did not respond.

3.    Walker then asked Mr. Webb if he could meet "Emily." Messages again reflect that on October 21 and 22, Walker messaged Mr. Webb asking him to drive up to Dubuque, and after responding "yea maybe," Mr. Webb did not respond.

4.    Message records reflect that Walker again tried to arrange a meeting with Mr. Webb in early November, and again Mr. Webb demurred.

5.    On November 22, Walker told Leitzen that he could arrange a sale of methamphetamine from Mr. Webb where Mr. Webb would travel from Des Moines to Dubuque and deliver $3,100 of methamphetamine. This meeting did not happen.

6.    Ultimately on December 12, 2019, Webb did drive to Dubuque. Webb was traveling to Dubuque from Des Moines with his methamphetamine source, an unknown female.

7.    On December 31, 2020, right before trial Petitioner's lawyer came to Petitioner and said that in order for him to prove entrapment that he would need Petitioner to sign a form for counsel to get into the phone. The phone was Petitioner's grandmother's phone that Petitioner had been using because he couldn't afford his own phone at the time. Petitioner wasn't able to work because He wasn't allowed to work in the inpatient program that he was in.

8.    Law enforcement had tried to get into the phone on December 13, 2019. They weren't able to access that information because it wasn't Petitioner's phone but Petitioner's grandmother's phone, and she justifiably refused to give permission. Petitioner signed the form thinking that his lawyer was looking out for his best interest. Counsel told Petitioner that only the messages that established entrapment would be disclosed and that we would review the material together, to ensure that all disclosures were in the best interests of Petitioner. Petitioner took his word for it. Petitioner's lawyer was lying.

9.    Petitioner called his lawyer about 30 minutes after he left Linn County Jail and told him Petitioner didn't want to go through with getting the phone records. Petitioner's lawyer said it was too late, that he had given everything to the prosecutor already. Petitioner's heart sank, because it was clear that his lawyer was working with the prosecutor and violating his solemn commitments to Petitioner.

10.    At trial this came back to haunt Petitioner, because they used two messages, from two different people, one a piece, saying that Petitioner was already involved in criminal activity and that he was predisposed to sell drugs, which wasn't true, even though Petitioner had used drugs. The other message looks like Petitioner was selling drugs but it wasn't Petitioner that was using the phone. Rather, Petitioner's

6

supplier who seems to have been trying to sell to one of Petitioner's friends and whoever else she spoke with.

11.    Petitioner later discovered that his lawyer wrote an unauthorized motion to continue, stating that Petitioner gave law enforcement consent to search his LG cell phone with a pink case and provided the proper pass code to unlock the phone. Law enforcement extracted the information from the phone to download its contents. Officers reviewed the download and observed the same Dec.12, 2019 text messages between defendant and J.W.'s that were obtained from J.W.'s phone.

12.    Petitioner's lawyer told him to allow the ***procurement of evidence*** in his grandma's phone relating to the event, to show entrapment. However, the lawyer ***turned over the contents*** of the phone. Counsel for all practical purposes conceded guilt that did not in fact exist. An entrapment defense was clearly available, yet counsel destroyed this opportunity by his unauthorized disclosure of evidence to the government.

13.    On information and belief, Petitioner's lawyer was lying about whether and when the government got possession of the evidence off the phone. Petitioner plans to seek discovery that will show the exact date and time of the aforementioned phone call to the lawyer, and furthermore the exact time that the phone was accessed for the purpose of getting the evidence.

    (b)    Direct Appeal of Ground Two:

        (1)    If you appealed from the judgment of conviction, did you raise

this issue?

        (1)    Yes      (2)    XX No

        (2)    If you did not raise this issue in your direct appeal, explain why:

        Response: Ineffective assistance of counsel is not generally

        proper for direct appeal, regardless of what Petitioner's attorney

        did with his brief.

    (c)    Post-Conviction Proceedings:

        (1)    Did you raise this issue in any post-conviction motion, petition, or application?

        (1)    Yes      (2)    XX No

7

**GROUND THREE:** Ineffective assistance of counsel. Counsel failed to investigate adequately, and failed to call two witnesses who would have directly supported Petitioner theory of entrapment. Counsel failed to confer with client sufficiently to allow him to effectively exercise his 6th Amendment confrontation rights, and other constitutional rights.

    (a)    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1. Prior to Petitioner's arrest, Craig Witt messaged Petitioner on Facebook asking for help finding an onion, which denotes an ounce. But did not state what drug he was talking about. Petitioner knew because he only asks Petitioner questions like that when it comes to marijuana, because he knows Petitioner uses it and knows where to find it.

2. Petitioner's defense counsel failed to investigate adequately or establish the facts by cross examination. The prosecutor took the message and made it look like it was methamphetamine instead of marijuana and that Petitioner was dealer of methamphetamine, rather than a mere drug user.

3. Had Petitioner's attorney not failed to subpoena Witt, the defense would have been able to present this highly exculpatory information, which would have soundly contradicted the prosecution theory.

4. On or about the beginning of December of 2019, "Emily Stampt," an alias name used by Abbie Jenkins messaged Petitioner, seeking a source of drugs.

5. Petitioner was out on a pass from the Door of Faith program at Bethel Mission inpatient facility and happened to be with someone with knowledge, so Petitioner gave them the phone. They messaged her and Petitioner didn't know what was said.

6. Petitioner didn't even know about the two messages used against him, until the second day of trial.

7. Had Petitioner been informed of the evidence, he would have made sure that defense counsel subpoenaed the author of each message, to put context to the messages.

8. Since Petitioner didn't author these words, the jury would not logically have held Petitioner liable for them.

9. Also, if the defense lawyer had provided effective assistance, he would have made sure that such messages were never presented to the jury at all.

8

10.    The absence of evidence from the phone almost certainly would have prevented a conviction.

11.    Petitioner got such an absurdly inadequate allotment of time with his counsel that he could not receive effective assistance of counsel.

    (b)    Direct Appeal of Ground Three:
        (1)    If you appealed from the judgment of conviction, did you raise this issue?
        (1)    Yes        (2)    XX No
        (2)    If you did not raise this issue in your direct appeal, explain why:
Response: Ineffective assistance of counsel is not generally proper for direct appeal, regardless of what Petitioner's attorney did with his brief.
    (c)    Post-Conviction Proceedings:
        (1)    Did you raise this issue in any post-conviction motion, petition, or application?

        (1)    Yes        (2)    XX No

..................

**GROUND FOUR:** Ineffective assistance of counsel. The district court erred by failing to account for the time defendant had served in Iowa for a related state offense after finding, the time served in Iowa was for relevant conduct. District court counsel raised and argued the issue. Appellate counsel didn't raise or argue the issue, despite good opportunity. Appellate counsel didn't give Petitioner counsel and opportunity to participate effectively in his defense on appeal.

    (a)    Supporting Facts. (To the extent not barred by law or rule or contrary to Petitioner's interests, all parts of this pleading are incorporated into all other parts.

1.    Date of arrest was 12-12-19.

2.    Petitioner was held on Parole violation for pending federal charges.

3.    Date of Indictment was 6-16-20.

4.    Date of Sentencing: 12-3-21.

5.    Around February of 2022 Petitioner was sent back to state custody.

6.    Around or about November/December of 2022 petitioner was paroled to his federal detainer.

9

7. Petitioner has been denied access to the official record for appeal, as defined by FRAP 10(a). Petitioner needs this information, and other legal materials, to calculate exactly the amount of credit for time served that he should have been given.

    (b)    Direct Appeal of Ground Four:

        (1)    If you appealed from the judgment of conviction, did you raise this issue?

        (1)    Yes        (2)    XX No.

        (2)    If you did not raise this issue in your direct appeal, explain why:

        Response: Ineffective assistance of counsel is not generally

        proper for direct appeal, regardless of what Petitioner's attorney

        did with his brief.

    (c)    Post-Conviction Proceedings:

        (1)    Did you raise this issue in any post-conviction motion, petition, or application?

        (1)    Yes        (2)    XX No

**GROUND FIVE**: Ineffective assistance of counsel, denial of confrontation and fair trial. The Northern District of Iowa Standard Conditions of Supervision prohibit a supervisee from entering into an agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court. However, if such permission is given, the target is under Brady/Giglio entitled to that information prior to trial. If such permission is not given, evidence gained thereby must be suppressed. If the court gave permission, Petitioner is entitled to know whether or not the court authorized the entrapment. Petitioner would be entitled to confront the court, as a direct link to the conviction. Petitioner's lawyer failed to raise and argue these issues. Petitioner was denied his confrontation rights, and a fair trial.

    (a) Statement of facts.

10

1.    Petitioner was never given proof whether or not the government informer, on supervised release, was authorized to engage in such conduct by the court.

2.    Petitioner was entitled to be told the facts, regardless of whether or not the permission was given, or the scope of such permission, based on Brady/Giglio as well as the confrontation clause.

3.    Without the government's illegal informant, the government could not prove the elements of any of the three counts of the superseding indictment.

     (b)    Direct Appeal of Ground Five:

         (1)    If you appealed from the judgment of conviction, did you raise this issue?

         (1)    Yes     (2)    XX No

         (2)    If you did not raise this issue in your direct appeal, explain why:

             Response: Ineffective assistance of counsel is not generally proper for direct appeal, regardless of what Petitioner's attorney did with his brief.

     (c)    Post-Conviction Proceedings:

         (1)    Did you raise this issue in any post-conviction motion, petition, or application?

         (1)    Yes     (2)    XX No

13.    Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Response: Ineffective assistance of counsel is not generally proper for direct appeal, regardless of what Petitioner's attorney did with his brief. Lawyers don't generally tell on themselves for ineffective assistance, unauthorized disclosures, etc.

Petitioner tried to talk to his appellate lawyer about issues to be raised. The lawyer responded to say that he was keeping in touch with Petitioner's wife, and that it

would not be necessary to have any legal calls. Petitioner never agreed to this process or accepted it. However, Petitioner's lawyer did not confer with Petitioner except on this occasion, and when the mandate was filed. Indeed, counsel didn't even send Petitioner a copy of the briefs that he filed. Petitioner was never given a chance to review briefs.

Likewise, Petitioner got such a penurious allotment of time with his trial lawyer that he wasn't able to effectively assist in his defense and preserve his legal rights.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you (sic) are challenging?

    (1)    Yes        (2)    XX No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you

in the following stages of the judgment you are challenging:

    (a)    At the preliminary hearing:

    **Samuel Owen Cross**
    Federal Public Defender
    222 3rd Avenue SE
    Suite 290
    Cedar Rapids, IA 52401
    319 363 9540
    Email: sam_cross@fd.org

    (b)    At the arraignment and plea: **Samuel Cross**

    (c)    At the trial:  **Samuel Cross**

    (d)    At sentencing:

    **Katryna Lyn Spearman**
    Lowther Walker LLC
    101 Marietta Street NW
    Suite 3650
    Atlanta, GA 30303
    936 537 3914
    Email: kspearman@lowtherwalker.com

12

**Murdoch Walker, II**
Lowther Walker LLC
101 Marietta Street NW
Suite 3325
Atlanta, GA 30303
404 496 4052
Email: mwalker@lowtherwalker.com

(e)  On appeal: Bingzi Hu and Murdoch Walker II, both of the Lowther

Walker, LLC firm.

(f)  In any post-conviction proceeding: N/A

(g)  On appeal from any ruling against you in a post-conviction proceeding:

N/A

16.  Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?

        (1)     Yes        (2)     XX No

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

        (1)     Yes        (2)     XX No

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b)  Give the date the other sentence was imposed:

(c)  Give the length of the other sentence:

(d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?

18.  TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The judgment of conviction became final less than a year ago. However, the government has engaged in conduct contrary to their own rules, expressly designed to prevent Petitioner from preparing and filing a competent petition. Therefore, Petitioner respectfully alleges and requests a determination by the Court that the time for filing an original or amended petition 1) has not commenced to run, or 2) was tolled for all times that Petitioner was not allowed to receive and use his official record, notes, etc.

1.     The government has repeatedly rejected packages in the mail containing Petitioner's legal materials, despite their own Program Statement that says legal mail can be received, with or without a package authorization.

2.     While Petitioner was at Leavenworth USP, personnel of the DOJ or its subsidiary the DOJ-FBOP have called US Probation supervising Oscar Stilley, (Stilley) the person who provides Petitioner with administrative assistance, trying to get him in trouble for helping me and sending me my legal materials. This is bad faith and lawlessness.

3.     Such behavior is also a tacit admission that Petitioner is entitled to relief under 28 USC 2255, and that the DOJ is willing to use its subsidiary the DOJ-FBOP to illegally and unethically crush Petitioner's litigating capacity.

4.     Petitioner was forced to send his paperwork home when he was transferred from jail to prison.

5.     Petitioner has attempted to get his docket, docket items, transcripts, appellate briefs, etc, from Stilley.

6.     Stilley attempted to send legal materials to Petitioner on the following occasions.

| # | Date | Cost |
|---|------|------|
|   |      |      |
| 1 | 3/22/23 10:07 AM CDT | -$7.96 |
| 2 | 3/30/23 9:28 AM CDT | -$4.88 |
| 3 | 3/30/23 9:31 AM CDT | -$4.20 |
| 4 | 3/6/24 11:35 AM CST | -$10.11 |
| 5 | 3/15/24 11:47 AM CDT | -$6.91 |
| 6 | 4/26/24 11:00 AM CDT | -$12.60 |
| 7 | 5/15/24 2:00 PM CDT | -$6.77 |
| 8 | 5/29/24 11:00 AM CDT | -$6.82 |
| 9 | 5/30/24 2:09 PM CDT | -$6.82 |

14

| 10 | 7/25/24 1:30 PM CDT | -$20.69 |
| 11 | 8/11/24 11:39 AM CDT | -$20.69 |

7.     Every occasion that shows a cost in excess of $10 involves a big box of legal documents, mission critical for a competent 28 USC 2255.

8.     The first two, numbers 4 and 6, were sent to Leavenworth USP, which resulted in attempts to get Stilley's supervised release revoked, so he would be sent back to prison, eliminating Petitioner's one knowledgeable person able and willing to provide administrative assistance.

9.     Petitioner incorporates Docket #134 as if set forth word for word.

10.     Stilley on April 15, 2024 sent the Executive Assistant to Crystal Carter, Warden of Leavenworth USP, an email explaining what happened and why it was flagrantly illegal and improper. Exhibit "1." All exhibits to this motion are incorporated herein as if set forth word for word.

11.     Warden Carter and her Executive Assistant ignored this email, failing to even acknowledge receipt.

12.     Stilley on April 23, 2024 sent a letter as an attachment to the Warden's Executive Assistant. Exhibit "2." Once again, there was no response at all.

13.     Stilley on April 26, 2024 sent the package again, this time adding two books of a legal nature.

14.     Stilley on the outside of the package added a message containing his phone and email, various quotations from US DOJ-FBOP Program Statement 5800-16. This was clearly printed on a standard 8.5" X 5.5" (half a letter size page) adhesive label, the same kind of label used to print the postage label on PirateShip. Exhibit "3."

15.     That second package was delivered by the US Post Office to prison personnel on April 30, 2024.

16.     Prison personnel still haven't delivered this material or sent the appropriate form to either Stilley or Defendant, setting forth any reasons for failure to deliver.

17.     After April 30, 2024, Petitioner was transferred to FCI Ray Brook in New York state.

18.     The next to last entry on the list was a USPS Large Flat Rate Box full of legal materials, with two copies of a book on how to defend criminal charges, sent to FCI Ray Brook. It had the label described above, with excerpts from the referenced Program Statement, showing that prior authorization isn't required.

19.     This was returned to Stilley.

20.     Petitioner then got official authorization to get his legal material. Stilley printed this on a sticky label and put it on the outside of the box, with the original inside.

21.     The mailroom rejected this shipment as well. Their complete objection is set forth below:
   •     Specific Material Returned: All incoming correspondence (Books) must come from an approved book store. Books also can not exceed a qty of (5). There can be no spirals in the books.

22.     There is no rule against "spirals," more correctly described as "Ibico combs."

23.     FCI Ray Brook, a medium security prison, has an Ibico comb binder in the law library.

24.     This circuit, and most other circuits, require binding for briefs, that allow the brief to lie flat when open.

25.     Ibico comb binding is the only option for such appellate briefs, in nearly all federal prisons.

26.     The complaint about "spirals" was *and always is* a lawless attack on Petitioner's rights of due process, peaceful petition, and reasonable access to the courts. It is an attack on organization and effective criminal defense.

27.     The package had only two copies of a book on law, and those books had sample pleadings.

28.     The other "books" were actually just Ibico bound sets of docket and docket items, transcripts, etc.

29.     Defendant has been on extended lockdowns, which make it basically impossible to do any meaningful work.

30.     Also, the government denies Petitioner access to a computer and printer,

16

for the purpose of preparing his own 2255 petition. They have computers that could be used to draft properly formatted petitions, print them, sign them, and mail them.

31.   Alternatively, they could allow Petitioner to use his own computer, just as the DOJ allowed Eric Robert Rudolph, the Atlanta Olympics bomber, to possess and use a computer in his own cell. Petitioner's rights are no less than those of a notorious terrorist.

32.   Petitioner respectfully claims and argues that this is intentional interference with his right of reasonable access to the courts, such that the one-year statute of limitations should not and does not begin to run until this willful obstruction ceases.

33.   Petitioner seeks a ruling and seeks to vindicate his legal rights. Petitioner reserves the right to amend his 2255 at any time up to one full year after his adversary the DOJ and DOJ-FBOP cease their invidious interference with his rights to reasonable access to the courts.


* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:  A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of

> (1)    the date on which the judgment of conviction became final;
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

WHEREFORE, Defendant Patrick Webb respectfully requests that this Court enter

judgment as a matter of law, striking the indictment and acquitting said Defendant

of all charges; alternatively for an amended order which includes no confinement or

punishment whatsoever, in excess of that authorized by Congress in light of the law

Case 2:24-cv-01030-CJW-MAR   Document 1   Filed 09/10/24   Page 65 of 73

and facts as shown in this case; alternatively for a judgment and commitment order

for incarceration not to exceed "time served;" and for such other, further, or

different relief as may be appropriate, whether or not specifically requested.

## VERIFICATION

Defendant Patrick Webb, Jr., by his signature below pursuant to 28 USC 1746

declares under penalty of perjury that the foregoing facts are true and correct.

Respectfully submitted,


By:_____          _____
PATRICK MILLER WEBB, JR., # 18451-029          Date
FCI RAY BROOK
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 900
RAY BROOK, NY 12977

## CERTIFICATE OF SERVICE

Defendant by his signature above pursuant to 28 USC 1746 declares under penalty
of perjury that he caused this pleading to be served on all other parties entitled to
service by placing this pleading in the prison outgoing mail, to the Clerk of Court, to
be filed and served via CM/ECF. To the extent that the prison legal mail system
was available at the time of mailing, Defendant used that system.

18

 **Gmail**

Oscar Stilley <oscarstilley@gmail.com>

---

## Patrick Miller Webb, Jr., # 18451-029 -- legal mail

1 message

**Oscar Stilley** <oscarstilley@gmail.com>                                      Mon, Apr 15, 2024 at 9:50 AM
To: LVN-ExecAssistant-S@bop.gov
Bcc: Misty Webb <mistyoleson123@gmail.com>, Melanie Weatherall <Melanie.weatherall@yahoo.com>

Greetings:

I'm trying to get some legal material to Patrick Miller Webb, Jr., # 18451-029. I sent a package 3-6-2024, but it was returned. The package label showed that it was from a publisher, and was marked "Legal Material, Please Expedite."

The package was returned with a handwritten notation "No authorization RTS not legal." There was also a small sticker that said "Return to Sender -- Refused -- Unable to Forward -- Return to Sender.

The package wasn't opened. The white Pirateship label covered the seal, and the label wasn't broken. I examined the package carefully, and found no signs that it was opened. I'm not sure how they could question the nature of the contents without opening it. I talked to Patrick 4-12-2024, he said he was told that the Postal Service sent it back, as opposed to prison authorities.

This thinking doesn't work very well. You can do a detailed tracking of the package at https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9405536105536514622312  Make sure you click the "See All Tracking History." Otherwise you'll see only the final return, not the steps and details along the way.

The package arrived at Leavenworth on the 9th. It was returned on the 18th. That's way more time than the American Correctional Association (ACA) Standards and Expected Practices for Adult Correctional Institutions, 5th Edition, might possibly authorize. Plus Patrick says he never got his due process notice and right to object and/or exhaust administrative remedies.

Could you forward this email on to his Case Manager Mr. Dickerson, with copy to me? I'd like to confer with him about how to resolve all objections, and prepare the package so that it is delivered within the times prescribed by the ACA.

Mr. Webb has an upcoming deadline for his 2255 petition. His direct appeal was affirmed 6-12-2023. Therefore he has a very short time period to get everything together so as to prepare a reasonably well drafted, timely petition. Time is of the essence. He is already far behind any reasonable schedule. He needs to examine the materials in the package, to tell me what else to order for him.

Thanks so much for your assistance in this matter.

Oscar Stilley

--
Oscar Stilley
10600 North Highway 59
Cedarville, AR 72932
479.384.2303 cell phone
oscarstilley@gmail.com

# Oscar Stilley
## D/B/A Big Bad Oscar's Publishing House
10600 N Hwy 59, Cedarville, AR 72932  479.384.2303 cell  oscarstilley@gmail.com

April 23, 2024

Exhibit "2"

Crystal Carter, Warden
FCI Leavenworth
Federal Correctional Institution
P.O. Box 1000
Leavenworth, KS  66048

Re:    Patrick Miller Webb, Jr., # 18451-029 – mailing legal materials
       Via email only to LVN-ExecAssistant-S@bop.gov

Dear Warden Carter:

On April 15, 2024 I sent an email to your Executive Assistant, about mail that was rejected and sent back by your personnel. She didn't respond to it. Please ask her to print a copy and lay it on your desk, so you can read it.

The package was marked "Legal Material – Please Expedite." Someone hand wrote on it the notation "No Authorization RTS Not Legal." The package also had a printed label "Return to Sender," but it is plain that the prison held the package for an outrageously long period of time, then prevailed upon the Post Office to send it back.

The package contained nothing but Ibico bound copies of docket items, transcripts, and other legal materials related to Mr. Webb's legal case. The claim that the mailed matter was "not legal" is a pure unadulterated fraud. Further information is included in the email your Executive Assistant will provide to you.

Mail to federal prisons is regulated by DOJ-FBOP Program Statement 5800.16. This policy statement provides in pertinent part at page 25-26:

> Incoming inmate package mail will be refused and returned to the sender if it is received without an appropriately completed BP-A0331, and where no markings indicate authorized materials are enclosed or if it is not identifiable as coming from a commercial source.   When refusing and returning incoming inmate package mail, staff will:
>
> ■ Fill out a BP-A0328 indicating the reason the incoming inmate package mail was refused and returned (staff may complete the BP-A0328 form while at the post office or may record the information and complete the form upon return to the

1

institution).

- Send the record copy of the BP-A0328 to the sender.
- Return the inmate package mail to the sender.
- Deliver a copy of the BP-A0328 to the inmate.
- Forward a copy to the inmate central file.

Pages 24-25 of the same document make it perfectly clear that legal materials don't require previous authorization, so long as the nature of the contents is properly disclosed on the outside of the package. Of course, when your personnel open the package, they can verify that the statement on the outside of the package is accurate.

If you question what I have to say, you can click the link, or look at the URL. This is an official document posted online by the DOJ-FBOP.

I never received a copy of the BP-A0328. That duty didn't expire because it wasn't done timely. Please PROMPTLY send me a copy of a BP-A0328, or confess that the rejection of my mail was in error. Mr. Webb says he didn't get one either, which is a separate offense. Please note that there is no lawful reason for the rejection, which means that even if your personnel send the form, it actually needs to be an apology and a promise to do better next time.

I'll send this material again. This time I'll include both my mobile phone number and my email address. That info is on my letterhead as well, and also as a footer to my emails. This time, there will be no plausible deniability that your personnel had the wherewithal to make due inquiry about the package.

This time I plan to send two copies of my book "Busting the Feds: How to Effectively Defend Yourself Against Federal Criminal Charges." The box wasn't quite full. Those books will make good packing materials as well as providing good info for federal criminal defense. If you think this doesn't qualify in a package of legal materials, please let me know how to get this in, or else explain why I can't.

I downloaded a pdf copy of the BP-A0331 form, authorization to mail a package. It speaks of "personal property." *Your own form* says it should be included *inside* the package. How then can your personnel send a package back unopened? More importantly, how can your personnel return that which is UNMISTAKABLY legal materials? If your personnel don't open the package, they cannot know if it contains a BP-A0331 or not. If they open it and the package plainly contains nothing but legal materials, they have a duty to deliver it, regardless of any writings on the outside.

That being said, if you want to promptly send me a form authorizing legal documents including those Ibico bound with covers, and two books about federal

2

criminal defense, help yourself. You have my email address – sending me a pdf copy of the completed form will be easy. However, when you do your personnel should explain why it is necessary, if that's your position. Otherwise I'll presume its inclusion is nothing but a face-saving measure for the DOJ-FBOP personnel who denied my constitutional due process rights.

I'm a publisher. I use a D/B/A and self-publish on Amazon. I also prepare and send dockets, docket items, transcripts, discovery, etc. Those things are indispensable to the lawful and reasonable exercise of the constitutional rights of peaceful petition and due process. Of course the 1st Amendment protects the right to speech and the press.

Please respond within 2 business days. Mr. Webb is on a tight deadline for his 2255 petition.

I can't force you to respond. You can give me the silent treatment, just as your Executive Assistant has done. I won't immediately sue you for doing that. I'll inquire of Andre Matevousian, Director of the North Central Office of the DOJ-FBOP, and see what he has to say about it.

Technically, he doesn't have to talk either, but if so I'll take the matter up with Colette S. Peters, Director of the DOJ-FBOP.

Once again I cannot force her to talk. A complaint and summons will force someone to talk, even if it's just the lawyers. That's not the only pleading that can compel lawyers to talk. Let's not take it that far. Let's work this out. Let's be friends, or at least cordial.


All the best.

/s/ Oscar Stilley

Oscar Stilley

3

THIS PACKAGE CONTAINS TIME SENSITIVE LEGAL DOCUMENTS **AUTHORIZED BY BUREAU POLICY**

For further information about this package you may call Oscar Stilley at 479.384.2303, or email him at oscarstilley@gmail.com.

Mail to federal prisons is regulated by DOJ-FBOP Program Statement 5800.16. This policy statement provides in pertinent part at page 24-26:

3.13 INMATE PACKAGE MAIL INCOMING All incoming inmate property packages must be authorized in advance **unless otherwise approved under another Bureau policy**. An Authorization to Receive Package or Property (BP-A0331) will be used for this purpose. A BP-A0331 is valid for no more than 60 calendar days from the date of approval.

Note: **Some packages are authorized under other Bureau policies** (for example, educational or **legal materials**). Inmates should be advised that they are ***not required to have these packages pre-approved***. These packages must be marked with words such as **Authorized by Bureau Policy**. Some publications are mailed to the institution as a package. If this type of package is identifiable as coming from a commercial source such as a publisher, bookstore, or a book club, it will not require a BP-A0331, **or** the marking Authorized by Bureau Policy. They are intended to alert mail room staff that enclosed materials contain matter which does not require prior approval. These markings assist mail room staff to identify and process the materials and avoid erroneous returns.

...........

Incoming inmate package mail will be refused and returned to the sender if it is received without an appropriately completed BP-A0331, and **where no markings indicate authorized materials are enclosed or if it is not identifiable as coming from a commercial source.** When refusing and returning incoming inmate package mail, staff will:

- **Fill out a BP-A0328 indicating the reason the incoming inmate package mail was refused and returned** (staff may complete the BP-A0328 form while at the post office or may record the information and complete the form upon return to the institution).
- **Send the record copy of the BP-A0328 to the sender.**
- Return the inmate package mail to the sender.
- **Deliver a copy of the BP-A0328 to the inmate.**
- Forward a copy to the inmate central file.

*Exhibit "4"*

**Affidavit**

State of Iowa, County of Polk

My current legal name is Margaret Weatherall, and my current occupation is Retired. I am presently 77 years old, and my current address of residence is 695 E Army Post Rd Unit 103, Des Moines, Iowa 50315.

On or about the day of December 13th 2019, my grandson Patrick Miller Webb Jr. was arrested by Debuque police department. At that time he had called and said to come get his car and other possessions. We went to get his on or about December 14th 2019. He had my phone, a LG Metro pink/ purple phone with a pink case. A detective called and asked if I would give permission for them to go through my phone and I told them no, I wanted my phone. When going to pick up Patrick's car I asked for my phone back, the police said that it is locked up and they couldn't give it to me. I told them okay and send it back to me then. At no time did I give Patrick or his Attorney Sam Cross permission to let anyone go through my phone. I was expecting it to be sent back to me until I seen it at trial and wanted to know how they had access to my phone and the information on it when I did not give permission. This is my sworn statement..

I hereby state that the information above is true, to the best of my knowledge. I also confirm that the information here is both accurate and complete, and relevant information has not been omitted.

Signature of Individual

*Margaret Weatherall*

Date ___5-17-24___

Notary Public

_____

Title And Rank

Iowa Notary

Date Of Commission Expiry

03/4/2027

JESSICA BARRAGAN-LIBORIO
Commission No. 854394
My Comm. Expires 03/04/2027



Patrick Webb #18451029
Federal Corrections Institution Ray Bro
P.O. Box 900
Ray Brook, NY 12977

CERTIFIED MAIL™

7007 2560 0000 5677 3203

Retail

U.S. POSTAGE PAID
FCM LG ENV
SARANAC LAKE, NY 12983
SEP 06, 2024

52401

$0.00

RDC 99

S2324H500237-05

XRAYED US MARSHALS SERVICE

⇔18451-029⇔
Clerk Of Court
111 7TH AVE SE
Cedar Rapids, IA 52401
United States

LEGAL mail